```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                    Richmond Division

LULA WILLIAMS, et al.,

     Plaintiffs,

v.                                   Civil Action No. 3:17cv461

BIG PICTURE LOANS, LLC,
et al.,

     Defendants.



RENEE GALLOWAY, et al.,

     Plaintiffs,

v.                                   Civil Action No. 18cv406

BIG PICTURE LOANS, LLC,
et al.,

     Defendants.



RENEE GALLOWAY, et al.,

     Plaintiffs,

v.                                   Civil Action No. 3:19cv314

JUSTIN MARTORELLO, et al.,

     Defendants.
```

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION TO TRANSFER VENUE (the "MOTION") filed in three pending actions. In <u>Lula Williams, et al. v. Big Picture Loans, LLC, et al.</u>, Civil Action No. 3:17cv461 ("<u>Williams</u>"), the MOTION is ECF No. 674. In <u>Renee Galloway, et al. v. Big Picture Loans, LLC, et al.</u>, Civil Action No. 3:18cv406 ("<u>Galloway I</u>"), the MOTION is ECF No. 364. In <u>Renee Galloway, et al. v. Justin Martorello, et al.</u>, Civil Action No. 3:19cv314 ("<u>Galloway II</u>"), the MOTION is ECF No. 320. Having considered the MOTION, the supporting, opposing and reply briefs, the Motion in each case will be denied.

**BACKGROUND**

Matt Martorello is a defendant in <u>Williams</u>. Indeed, because of a class settlement that has been preliminarily approved in <u>Renee Galloway, et al. v. James Williams, Jr., et al.</u>, Civil Action No. 3:19cv470, ("<u>Galloway III</u>"), Matt Martorello is the only defendant remaining in <u>Williams</u>. Also, Matt Martorello is the only remaining defendant in <u>Galloway I</u> if the class action settlement is approved in <u>Galloway III</u>. Matt Martorello is not a defendant in <u>Galloway II</u>. The defendants there are Justin Martorello, Rebecca Martorello, Jeremy Davis, Eventide Credit Acquisitions, LLC ("Eventide"), Liont LLC, Gallant, BlueTech Irrevocable Trust,

2

Breakwater Holdings, LLC, and Kairos Holdings LLC. The entity defendants are owned and/or controlled by Matt Martorello.

## DISCUSSION

The Plaintiffs have filed, in Williams, Galloway I, and Galloway II, three similar, but in many respects substantively quite different, actions arising out of a so-called "Rent A Tribe" scheme allegedly orchestrated by Matt Marterello, members of his family, companies that he controls, and investors who allegedly funded the scheme (the "Martorello Defendants"). Also, defendants in Williams, Galloway I, and Galloway II are certain entities related to the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe") and officers, employees and agents of those entities (the "Non-Martorello Defendant(s)").

The Non-Martorello Defendants have reached a settlement as to claims asserted against them in Williams, Galloway I, and Galloway II. As part of that settlement, the Plaintiffs, with the agreement of the Non-Martorello Defendants, have filed Renee Galloway, et al. v. James Williams, Jr., et al., Civil Action No. 3:19cv470 ("Galloway III"), naming, as defendants, just the Non-Martorello Defendants in Williams, Galloway I, and Galloway II. Thus, Galloway III is the vehicle by which the Plaintiffs seek certification of a settlement class action in which the Plaintiffs' claims against the Non-Martorello Defendants will be settled for

3

a cash payment and other consideration. In return, and upon approval of the Settlement Agreement, the Plaintiffs' claims against the Non-Martorello Defendants will be released.

The Court has entered an order preliminarily approving the settlement in Galloway III. And, as has been agreed, the Plaintiffs have dismissed the Non-Martorello Defendants in Williams, Galloway I, and Galloway II.

As a result of the settlement in Galloway III, if it is finally approved, the only remaining defendant in Williams will be Matt Martorello. Also, as a result of the settlement in Galloway III, if finally approved, Matt Martorello will be the only remaining defendant in Galloway I. In Galloway II, Matt Martorello is not a defendant but, his wife and brother, and certain former employees of the businesses that Matt Martorello controls, as well as investors in those businesses, and the businesses themselves, have been named as defendants.[1]

The Plaintiffs and the Martorello Defendants agree that all three actions (Williams, Galloway I, and Galloway II) arise from the same basic facts or, as the plaintiffs would have it, the same predatory, usurious, and illegal lending enterprise. As the

---

[1] It appears as if the remaining defendants in Galloway II, if the settlement in Galloway III is approved, will be Justin Martorello, Rebecca Martorello, Jeremy Davis, Eventide Credit Acquisitions, Liont LLC, Gallant, BlueTech Irrevocable Trust, Breakwater Holdings, LLC, and Kairos Holdings LLC.

Plaintiffs correctly state, however, the claims and causes of actions in Galloway I and Galloway II are considerably more complex than those in Williams because the claims in the Galloway I and Galloway II involve a broader spectrum of consumer protection statutes than are asserted in Williams, and those claims are asserted on behalf of classes and subclasses that are broader than those in Williams.

The driving force for the MOTION is that Eventide has filed for bankruptcy in the Eastern District of Texas. Thus, it is necessary to examine the statements made about Eventide in the MOTION.

Matt Martorello and companies that he controls owns 85.1% of Eventide. Matt Martorello's brother, Justin Martorello, owns 9.9% of Eventide. The remaining 5% of Eventide is owned by officers of Ascension Technolgies, Inc., Brian McFadden, Simon Liang, and James Dowd.

The Plaintiffs allege, and the Martorello Defendants do not contest, that Eventide's only asset is a $300 million promissory note owed by the Tribe. It also is alleged, and not disputed, that the only function of Eventide is to distribute to the owners of Eventide the payments on the note that are made by the Tribe and entities it has created. It is asserted by the Plaintiffs, and not denied by the defendants, that Eventide has no employees, and no operations other than to make the payment mentioned above.

5

According to the Plaintiffs, Matt Martorello's interests in Eventide is largely held by shell companies which Matt Martorello owns and of which he is the President (Kairos Holdings, LLC, Liont, LLC, Breakwater Holding, LLC, and Gallant Capital, LLC). It appears that Bluetech Irrevocable Trust is the parent company for all of the entities owned by Martorello.

It was on November 26, 2019, that the Plaintiffs reached a class action settlement with Big Picture, Ascension, Columbia Pipe & Supply Co., Timothy Arenberg, Terrance Arenberg, DTA Trinity Welfare Trust, Deborah M. Arenberg Living Trust, Amlaur Resources, LLC, Brian Jedwab, James Dowd, Simon Lang, Brian McFadden, and members of the Tribal Council. See <u>Reneee Galloway, et al. v. James Williams, Jr., et al.</u>, Civil Action No. 3:19cv470. And, as mentioned previously, the Court has issued an Order preliminarily approving the class action settlement.

Shortly after the announcement of the settlement and the filing of the settlement and class certification papers in this Court, Matt Martorello embarked upon a procedural course of action (involving Eventide as a vehicle), the purpose of which was, according to the Plaintiffs, "to derail the settlement." In particular, Eventide moved to intervene in <u>Galloway III</u> to object to the settlement. Then, Eventide initiated an action against the Tribe and its officers and agents in the Western District of Michigan seeking a temporary restraining order to enjoin this Court

6

from approving the class action settlement in Galloway III, an action that was dismissed essentially as frivolous.

Following the preliminary approval of the settlement in Galloway III, the Court entered an Order, on January 8, 2020, requiring that all of these actions, Williams, Galloway I, and Galloway II, be expeditiously resolved as to the Martorello Defendants. To that end, the Court ordered counsel for the Plaintiffs and the Martorello Defendants to convene for a status conference on January 29, 2020 to set a schedule for completion of discovery, the filing of any briefs, and a schedule for future proceedings, including the filing of a class certification motion and tentative trial dates. (ORDER, ECF No. 646, in Williams; ORDER, ECF. No. 349, in Galloway I; ORDER, ECF No. 297, in Galloway II)

On January 28, 2020, one day before the scheduled status conference in these three cases, Eventide filed for Chapter 11 bankruptcy in the Northern District of Texas. The Plaintiffs contend that Eventide's bankruptcy bears all the hallmarks of a bad faith bankruptcy designed solely to gain litigation advantage rather than to serve any legitimate purpose. Those allegations have considerable strength, but it is not necessary to decide them, to decide the MOTIONS which, according to the Plaintiffs, are a part of the effort to delay proceedings against Matt Martorello, his relatives, and the companies that he controls. The transfer sought is to the United States District Court for the Northern

District of Texas in which Eventide has initiated an adversary proceeding that, according to the briefs on the MOTION, substantially presents many, if not all of, the same substantive issues that are presented in these three cases.

### A. Transfer Under 28 U.S.C. § 1412

Matt Martorello, in Williams and Galloway I, and the moving defendants in Galloway II, seek transfer under 28 U.S.C. § 1412. As the Court recently has held, the plain language of § 1412 necessitates the decision that transfer under § 1412 applies only in bankruptcy cases. Fitzgibbon v. Radack, 597 B.R. 836, 840-41 (E.D. Va. 2019); see EnSource Investments, LLC, 2017 WL 3923784 at *3; MultiBank Inc. v. Access Global, LLC, 594 B.R. 618, 623 (Bankr. S.D.N.Y. 2018); Onewoo Corp. v. Hampshire Brands, Inc., 566 B.R. 136, 139 (Bankr. S.D.N.Y. 2017); City of Liberal v. Trail Motor Corp., 316 B.R. 358, 361 (Kan. 2004).

In these three cases the claims against the defendants are all based upon the Racketeering Influence and Corruption Organizations Act ("RICO") and various state law usery claims, consumer fraud claims, and common law claims. There are no claims in any of these three actions asserted under the Bankruptcy Code, and this is not a case or proceeding under Title 11. Accordingly, § 1412 simply is not applicable. The argument made to the contrary by Martorello and other defendants represents a minority view. For the reasons set out in Fitzgibbon, EnSource, MultiBank, Onewoo,

and City of Liberal, the authority cited by Martorello and the other defendants is not persuasive, and the Court declines the invitation to follow it.

## B. Transfer Under 28 U.S.C. § 1404(a)

Transfer is also sought under 28 U.S.C. § 1404(a). Section 1404(a) provides that "for the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." To decide a motion under § 1404(a), it is necessary to assess the issue by making two inquiries: "(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and the convenience of the parties and witnesses justify transfer to that forum." Koh v. MicroTek Int'l, Inc., 250 F.Supp.2d 627, 630 (E.D. Va. 2003). The moving party has the burden to establish that transfer is appropriate. Id.

### 1. Filing in the Transferee Forum

The Martorello Defendants have not demonstrated that the claims brought here could have been brought in the Northern District of Texas. And, in making their skimpy argument on the point, the Martorello Defendants ignored the Fourth Circuit's decision in ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617 (4th Cir. 1997). The cursory discussion of whether the case could possibly have been brought in the transferee forum is insufficient

9

to carry the Martorello Defendants' burden on that facet of the test.

### 2. The § 1404(a) Factors

Nor have the Martorello Defendants carried the burden to establish the grounds for transfer under § 1404(a). In examining the second facet of the test, the Court is to consider (1) the plaintiff's choice of venue which is entitled to substantial weight; (2) convenience of the parties and witnesses; and (3) the interest of justice which encompasses all of the factors unrelated to witnesses and convenience. Capital One Fin. Corp. v. Drive Fin. Servs., L.P., 434 F.Supp.2d 367, 375 (E.D. Va. 2006).

#### (a) Plaintiffs' Choice of Forum

The Plaintiffs' choice of venue is entitled to great weight because, in Williams, Virginia is the Plaintiffs' home forum; and in Galloway I and Galloway II, Virginia is the home to more of the Plaintiffs than any other state.

The Martorello Defendants have not successfully demonstrated why the Plaintiffs' choice of forum ought not be respected and have identified no circumstance that would warrant withholding deference to the Plaintiffs' choice of forum.

#### (b) Convenience

It is settled law in this district, indeed everywhere, that the party seeking transfer must support its motion with strong evidence of convenience and inconvenience. As a general

proposition this Court has long required, detailed evidence which would help analyze the issue of the difficulties that the parties face has to be provided. That requires particularized information usually submitted in affidavit form. That, in turn, enables the Court to determine how much weight to give to a claim of inconvenience. Without such proof, neither the Plaintiffs or the Court can ascertain in any meaningful way the issue of convenience. Koh v. Microtek Int'l, Inc., 250 F.Supp.2d 627, 634 (E.D. Va. 2003); Bd. of Trustees, Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc., 702 F.Supp. 1253, 1258 (E.D. Va. 1988). The Martorello Defendants provide no such information here and the failure to do so dooms their MOTIONS.

### (c) Interest of Justice

Finally, the interest of justice militates against transfer in this matter. The interest of justice encompasses all factors bearing on transfer that are unrelated to the other factors, Gebr. Brassleler GmbH & Co. KG v. Abrasive Tech., Inc., No 08-1246-GBL/TCB, 2009 WL 874513, at *5 (E.D. Va. March 27, 2009). Those factors include the pendency of a related action; the court's familiarity with applicability law; and the ability to join other parties in the interest of having local controversies decided at home. As a further matter for consideration, it is appropriate to consider the special circumstances of a case and the reason for the requested transfer.

The *Williams* case has proceeded to the class certification stage and includes some discovery on the merits. The *Galloway I* and *Galloway II* cases have had not substantial discovery but, there are, of course, many pending motions in those cases. Transfer would result in delay of the adjudication of *Williams*, *Galloway I*, and *Galloway II*. While it is not for this Court to assess whether the bankruptcy filing in Texas is meritorious or not, it is appropriate to note that the bankruptcy filing occurred only one day after the Court indicated that it was proceeding with all matters which had been previously stayed as a consequence, directly or indirectly, of the appeal to the Fourth Circuit in the *Williams* case.

The theory on which the transfer is sought is another aspect of the analysis. Here, the theory is that Eventide has to indemnify Matt Martorello because of his ownership of Eventide and his position as an officer of Eventide. Those arguments are not sufficient grounds to warrant the unusual step of transferring these long-standing cases. That is especially so given the Court's background in the cases and the stage of the proceedings.

Nor is there merit to the Martorello Defendants' argument that transfer would allow consolidation of all cases involving Martorello and Eventide. Indeed, Martorello and Eventide argued exactly the opposite point in opposing multidistrict consolidation. And, at the urging of the Martorello Defendants,

the Court refused to consolidate Galloway I and Galloway II because consolidation would be counterproductive to the efficient resolution of those two considerably different cases

Finally, the public interest counsels against belated procedural maneuvering that delay federal court proceedings. That Matt Martorello was exposed to liability in these cases is no new matter. That the Eventide note was at risk in these cases is no new matter. It is far too late in these cases to transfer these cases to litigate in the bankruptcy proceedings the complex issues that these cases present.

All three cases, Williams, Galloway I, and Galloway II, will be decided in this forum. The extent to which that militates against allowing the adversary proceedings to go forward is a matter for the Bankruptcy Court to assess.

## CONCLUSION

For the foregoing reasons, the MOTION TO TRANSFER VENUE in the Williams, Galloway I, and Galloway II will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 14, 2020