IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

Renee Galloway
et al.,

    Plaintiffs,

v.                                                                       Civil Action No. 3:19-cv-314

Justin Martorello,
et al.,

    Defendants.

## MEMORANDUM OPINION

Having considered REBECCA MARTORELLO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) (ECF No. 413) and the accompanying briefs (ECF Nos. 414, 426, & 460) and EVENTIDE CREDIT ACQUISITIONS, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) (ECF No. 415) and the accompanying briefs (ECF Nos. 416, 427, & 459), and for the reasons set forth below, REBECCA MARTORELLO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) (ECF No. 413) and EVENTIDE CREDIT ACQUISITIONS, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) (ECF No. 415) will be denied.

**STATEMENT OF FACTS**

This case comes out of a long series of litigation concerning Matt Martorello and his short-term loan schemes. Compl. ¶ 1, 11 (ECF No. 1). Matt Martorello allegedly engaged in a "rent-a-tribe" scheme in order to make usurious short-term loans with interest rates in the triple digits. Id. at ¶¶ 1, 6. This scheme is alleged to have targeted and affected consumers throughout the United States, including in Virginia. Id. at ¶¶ 22-45.[1]

Rebecca Martorello is Matt Martorello's wife and a resident of Texas. Compl. ¶ 51. She is alleged to have been at all relevant times an employee of one of her husband's numerous companies, Bellicose, and allegedly "assisted her husband with the conspiracy to collect high-interest loans from consumers." Id.

Eventide is a limited liability corporation formed under Delaware's laws. Compl. ¶ 50. It is alleged that Matt Martorello and others formed Eventide as part of a larger corporate restructuring in an effort to hide allegedly ill-begotten profits. Id. It is plausibly alleged that Eventide was a key part of the alleged conspiracy of which it, Rebecca and Matt Martorello, and others are members.

---

[1] The facts recited as set out in the Complaint, and, where required, permissible interferences are drawn in favor of the Plaintiff.

2

Rebecca Martorello and Eventide seek to have the case against them dismissed because, in their view, this Court lacks personal jurisdiction over them.

## LEGAL STANDARD

Defendants both filed motions to dismiss pursuant to Rule 12(b)(2), which allows for dismissal for "lack of personal jurisdiction." Fed. R. Civ. P. R. 12(b)(2). The exercise of personal jurisdiction must be statutorily authorized, and the statutory authorization must be constitutional.

Plaintiffs have the burden of proving "grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). However, where, as here, the motion to dismiss for want of personal jurisdiction is presented for determination without an evidentiary hearing "the plaintiff need only make a prima facie showing of personal jurisdiction." Id. When conducting this analysis, "the court must take all disputed facts and reasonable inferences in favor of the plaintiff." Id.

*Statutory Authorization*

Rule 4(k) provides the proper grounds for federal court personal jurisdiction. Under Rule 4(k)(1)(C), personal jurisdiction is established by the proper service of summons or filing a waiver of service "when authorized by a federal statute." Fed. R. Civ. P. Rule 4(k)(1)(C). Plaintiffs argue that

3

there is personal jurisdiction under Rule 4(k)(1)(C) and that the Racketeer Influenced and Corrupt Organizations Act ("RICO") provides the necessary statutory authorization of service.

To satisfy Rule 4(k)(1)(C), Plaintiffs must show that they properly served process in accordance with RICO which contains a nation-wide service of process provision. It reads:

> All other process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. § 1965(d).

RICO's nation-wide service of process provision allows for personal jurisdiction in any federal court that properly effectuates service, so long as the exercise of jurisdiction comports with the Fifth Amendment. ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 626 (4th Cir. 1997); see also Gibbs v. Elevate Credit, Inc., No. 3:20-cv-632, 2021 WL 4851066 *12 (Oct. 17, 2021, E.D. Va.); Nunes v. Fusion GPS, 531 F.Supp.3d 993, 1003 (E.D. Va. 2021). To successfully invoke RICO's personal jurisdiction provision, the asserted RICO claim needs to be "colorable" or, in other words, not "implausible, insubstantial, or frivolous." D'Addario v. Geller, 264 F.Supp.2d 367, 387-88 (E.D. Va. 2003). Thus, to satisfy Rule 4(k)(1)(C) two things need to be true: (1) the Complaint makes out a "colorable" RICO claim and (2) service must be proper.

*Due Process*

In addition to satisfying the statutory requirements, a court's exercise of personal jurisdiction must be consistent with Due Process. In this circumstance, the Fifth, not Fourteenth, Amendment governs the Due Process analysis. ESAB Group Inc., 126 F.3d at 627. When United States-based defendants receive service in compliance with a nationwide service of process provision, like RICO's, the Fifth Amendment's Due Process provision only overcomes "the congressionally articulated policy" allowing in personam jurisdiction if the defendant can prove "extreme inconvenience or unfairness." Id. The burden is on the defendant to show inconvenience. Rarely does inconvenience arise to a level of a constitutional impediment to the exercise of in personam jurisdiction. Id.

**DISCUSSION**

The Court may properly exercise jurisdiction under RICO's nation-wide service of process provision because: (1) the Complaint makes out a "colorable" RICO claim against both Rebecca Martorello and Eventide; (2) service was proper; and (3) litigating in this forum has not been shown to be extremely inconvenient or unfair to either of the moving defendants. See ESAB, 126 F.3d at 626-27.

Rebecca Martorello and Eventide only challenge the first prong of the ESAB test: whether the Complaint presents a colorable RICO claim against them. The Court has already held that the RICO claims against Rebecca Martorello and Eventide are "plausible." See ECF No. 377 (denying Eventide's 12(b)(6) motion to dismiss and affirming that Plaintiffs' claim meets the standard articulated in Ashcroft v. Iqubal); ECF No. 380 (denying Rebecca Martorello's 12(b)(6) motion to dismiss and affirming that Plaintiffs' claim meets the standard articulated in Ashcroft v. Iqbal); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citations and quotation marks omitted). The applicable standard is satisfied here. And, indeed, it is the law of this case that the Complaint articulates a colorable claim for a RICO violation against both moving defendants.

This alone is enough to establish personal jurisdiction. The Rule 12(b)(6) standard for sufficiency is more exacting than the sufficiency standard under Rule 12(b)(2). Nunes, 531 F.Supp. at 1004. Because Plaintiffs have met the 12(b)(6) standard, they

6

have, of necessity, met the 12(b)(2) standard. Therefore, Plaintiffs have made a colorable RICO claim within the meaning of Rule 4(k)(1)(C), satisfying this element of the ESAB criteria.

Notwithstanding the Defendants' claims to the contrary, the Fourth Circuit's holding in Williams v. Big Picture Loans, 929 F.3d 170 (4th Cir. 2019) does not affect the analysis. Nor does that decision alter this Court's holdings respecting the sufficiency of the RICO claims. The question presented to the Fourth Circuit in Williams was whether Big Picture Loans and Ascension Technologies, two of the other companies allegedly part of the illegal lending scheme, could claim sovereign tribal immunity. 929 F.3d at 174. The Fourth Circuit did not decide whether a RICO enterprise existed. Nor did it decide the roles played Rebecca Martorello or Eventide in the RICO enterprise. In sum, the Fourth Circuit's decision does not cast doubt on the colorability of the RICO claim. Nor does it otherwise aid Martorello and Eventide in their challenge to the exercise of personal jurisdiction.

Thus, considering that: (1) there is a colorable RICO claim as to the moving defendants; (2) neither defendant makes any allegations that they were improperly served; and (3) they have not met their burden to show that it is extremely inconvenient

7

or unfair for them to litigate in Virginia, the challenges to the exercise of personal jurisdiction as to the RICO claim fail.

Moreover, once there is personal jurisdiction over the RICO claim, there is personal jurisdiction over all state claims arising "from a common nucleus of operative facts." ESAB, 126 F.3d at 628. Neither moving defendant has argued that any of the remaining counts are unrelated to the central RICO claim, nor could they. All the claims arise from the same allegedly illegal lending operation. Accordingly, the Court has personal jurisdiction over Rebecca Martorello and Eventide as to all pending counts.

## CONCLUSION

For the foregoing reasons, REBECCA MARTORELLO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) (ECF No. 413) and EVENTIDE CREDIT ACQUISITIONS, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) (ECF No. 415) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 29, 2022