IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


GALLOWAY ET AL.,

     Plaintiff

v.                      Case No. 3:19-cv-314


MARTORELLO ET AL.,

     Defendant.

### MEMORANDUM OPINION

This matter is before the Court on PLAINTIFFS' OBJECTION TO BLUETECH AND BREAKWATER'S STATEMENT OF POSITIONS AND EVIDENTURY [sic] HEARING EXHIBIT LIST ("Objection") (ECF No. 507); Bluetech Irrevocable Trust ("Bluetech") and Breakwater Holdings, LLC's ("Breakwater") MOTION FOR PROTECTIVE ORDER AS TO DEFENDANTS BLUETECH IRREVOCABLE TRUST AND BREAKWATER HOLDINGS, LLC ("Second Motion for Protective Order") (ECF No. 533); and PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS ("Motion to Compel") (ECF No. 545) and the related supporting memorandum, responses, and replies. For the reasons set forth below, PLAINTIFFS' OBJECTION TO BLUETECH AND BREAKWATER'S STATEMENT OF POSITIONS AND EVIDENTURY [sic] HEARING EXHIBIT LIST (ECF No. 507) will be denied without prejudice as to the request for an adverse inference; Bluetech and Breakwater's MOTION FOR PROTECTIVE ORDER

AS TO DEFENDANTS BLUETECH IRREVOCABLE TRUST AND BREAKWATER HOLDINGS, LLC ("Second Motion for Protective Order") (ECF No. 533) will be denied; and PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS ("Motion to Compel") (ECF No. 545) will be granted in part and denied in part.

The Court further finds that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

## BACKGROUND

This matter is before the Court on three related discovery and evidentiary disputes. There have been numerous discovery disputes throughout the course of this protracted litigation. On October 2, 2019, the parties filed their RULE 26(f) JOINT REPORT (ECF No. 250). At the Fed. R. Civ. P. 26(f) conference and in the Joint Report, the Defendants, including Bluetech and Breakwater, took the position "that this case, including discovery, should not proceed until the pending motions to dismiss in this action have been decided and the impact of the Fourth Circuit's opinion [Williams v. Big Picture Loans, LLC, 929 F.3d 170 (4th Cir. 2019)] is fully analyzed and appreciated by the parties and the Court in [Williams et al. v. Big Picture Loans, LLC et al., Case No. 3:17-cv-461-REP] and *Galloway I* [Galloway et al. v. Big Picture Loans, LLC et al., Case No.

2

3:18-cv-406-REP]." Id. at 2. On November 27, 2019, Bluetech and Breakwater joined Defendants Jeremy Davis, Justin Martorello, Rebecca Martorello, Eventide Credit Acquisitions, LLC ("Eventide"), Gallant Capital LLC ("Gallant"), and Liont, LLC's ("Liont") MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ("First Motion for Protective Order") (ECF No. 264) "for all reasons stated therein." JOINDER IN DEFENDANTS JEREMY DAVIS, JUSTIN MARTORELLO, REBECCA MARTORELLO, EVENTIDE CREDIT ACQUISITIONS, LLC, GALLANT CAPITAL LLC, AND LIONT, LLC'S MOTION FOR PROTECTIVE ORDER (ECF No. 281) at 1. In the First Motion for Protective Order, the Defendants requested a stay for the same reasons as articulated in Rule 26(f) conference, namely until the Defendants' motions to dismiss and relevant issues in Galloway I and Williams were resolved. First Motion for Protective Order at 1. On September 23, 2021, the Court denied the First Motion for Protective Order and ordered the parties to file a proposed plan for discovery. ECF No. 373 ("9/23/2021 ORDER"). On October 15, 2021, the parties filed a JOINT STATEMENT REGARDING PROPOSED DISCOVERY PLAN (ECF No. 398). In this Joint Statement, Bluetech and Breakwater reiterated that it was their position

> that discovery should be stayed against them pending the later of (a) the outcome of Matt Martorello's appeal from the Court's order granting class certification in Martorello v. Williams, et al., [sic] Docket No. 21-2116 (4th Cir. Oct. 7, 2021); or (b)

3

determination of the Bluetech Defendants' jurisdictional defenses.

Id. at 5. Also, on October 15, 2021, Bluetech and Breakwater filed a MOTION TO STAY ALL PROCEEDINGS AS TO DEFENDANTS BLUETECH IRREVOCABLE TRUST, BREAKWATER HOLDINGS, LLC, AND KAIROS HOLDINGS, LLC (ECF No. 394). On January 24, 2023, the Fourth Circuit issued its opinion in Williams v. Martorello, 59 F.4th 68 (4th Cir. 2023). On March 27, 2023, the Court denied Bluetech and Breakwater's Motion to Stay Proceedings. ECF No. 493 ("3/27/2023 ORDER").

On April 4, 2023, the Court held an evidentiary hearing and oral argument regarding the MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(5) AS TO DEFENDANT BLUTECH [sic] IRREVOCABLE TRUST (ECF No. 401) and the MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(5) AS TO DEFENDANT BREAKWATER HOLDINGS, LLC (ECF No. 403). 4/5/2023 Minute Entry (ECF No. 508). Before that hearing, both parties submitted exhibit lists.[1]

Plaintiffs objected to two of Bluetech and Breakwater's exhibits under Federal Rule of Civil Procedure Rule 37(c)(1).[2]

---

[1] PLAINTIFFS' EXHIBIT LIST AND DEPOSITION DESIGNATIONS FOR EVIDENTIARY HEARING ON APRIL 4, 2023 (ECF No. 504); DEFENDANTS BLUETECH IRREVOCABLE TRUST AND BREAKWATER HOLDING LLC'S EXHIBITS AND DEPOSITION DESIGNATIONS FOR EVIDENTIARY HEARING ON APRIL 4, 2023 (ECF No. 505).

[2] Rule 37(c)(1) reads: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such

Objection at 2. Plaintiffs argued that they had "served both Interrogatories and Requests for production of documents in September 2019 that in multiple ways requested Defendants' production of the very documents it now seeks to use." Id. at 2-3. However, according to Plaintiffs, Defendants refused to disclose the documents in question. Id. As a result, Plaintiffs argued, Defendants should be forbidden from using the very documents that they "fail[ed] to provide." Id. at 2 (quoting Fed. R. of Civ. P. 37(c)(1)). Furthermore, Plaintiffs argued that

> Defendants' refusal to produce the full set of documents sought and relevant to the service and jurisdiction issues to be argued [on April 4, 2023] and [April 5, 2023] provides a strong adverse inference that had they been produced they would have established the service and jurisdiction issues Plaintiffs allege now.

Id. at 2; see also Objection Reply at 2 ("Plaintiffs argued that they were entitled to an adverse inference that had Defendants produced the documents in their possession, those documents would have established that Mr. [Matt] Martorello is the agent

---

failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) [relating to failure to comply with discovery orders] and may include informing the jury of the failure to make the disclosure."

of each Defendant and that they were part of the enterprise alleged in this case.")

In a ruling from the bench (accompanied by a written ORDER), the Court sustained Plaintiffs' objection to the proposed exhibits in question but ordered further briefing on the whether an adverse inference is appropriate. ECF No. 518 ("4/5/2023 ORDER"). That briefing has been filed.

On April 21, 2023, Bluetech and Breakwater filed the Second Motion for Protective Order, requesting the Court to "issue a protective order under [Fed. R. Civ. P.] Rule 26(c)(1)(A) that forbids Plaintiffs from compelling merits discovery as to Foreign Defendants pending the final determination of declaratory judgment proceedings filed in the High Court of the Cook Islands." Second Motion for Protective Order at 1.

On May 4, 2023, Plaintiffs filed the Motion to Compel, requesting that "this Court overrule Defendants Bluetech Irrevocable Trust's and Breakwater Holdings, LLC's ("Cook Island [sic] Defendants") objection to Plaintiffs' first set of discovery and compel complete responses." Motion to Compel at 2. Moreover, Plaintiffs requested "the entry of an Order requiring Cook Island [sic] Defendants to pay Plaintiffs' reasonable fees and costs associated with bringing this Motion." Id.

**DISCUSSION**

*Adverse Inference*

It is unclear under which legal framework Plaintiffs are requesting an adverse inference. Plaintiffs explicitly state that they are not seeking a discovery sanction under Fed. R. Civ. P. 37(b)(2).[3] PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' STATEMENTS OF POSITION AND EVIDENTIARY HEARING EXHIBITS (DKT. NO. 526) ("Objection Reply") at 2 (ECF No. 531). Instead, Plaintiffs point to "tradition" and argue:

> When it would be natural under the circumstances for a party to call a particular witness, or to take the stand as a witness in a civil case, or to produce documents or other objects in his or her possession as evidence and the party fails to do so, tradition has allowed the adversary to use this failure as the basis for invoking an adverse inference.

Objection at 3 (quoting 2 McCormick On Evid. § 264 (6th ed.)).[4]

However, the same treatise which Plaintiffs cite notes that "[t]he availability of modern discovery and other disclosure procedures serves to diminish both [the traditional rule's] justification and the need for the inference." 2 McCormick On

---

[3] Fed. R. of Civ. P. 37(b)(2) allows for discovery sanctions in the district where the action is pending.

[4] While McCormick on Evidence is currently in its eighth edition, this language remains unchanged in the latest edition.

Evid. § 264 (8th ed.). And, when used, this "tradition" is, in fact, usually given as a jury instruction.

A review of Fourth Circuit precedent suggests that, although this inference is still employed by modern courts, it is primarily used as a form of discovery sanction and sought under a rule of procedure. See Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995); Brooks Sports, Inc. v. Anta (China) Co., Ltd., No. 1:17-cv-1458, 2018 WL 7488924, at *10-11 (E.D. Va. Nov. 30, 2018), report and recommendation adopted Brooks Sports, Inc. v. Anta (China) Co., LTD, No. 1:17-cv-1458, 2019 WL 969572, at *1 (E.D. Va. January 11, 2019). It is perplexing why Plaintiffs disclaim any request for sanctions as this is the most logical framework under which to analyze their request.

Notably, Plaintiffs cite to only two cases to support their request for an adverse inference unconnected to a discovery sanction, both of which are readily distinguishable. First, they cite an 1893 decision of the Supreme Court of the United States that involved a criminal defendant's wife's failure to testify. Objection at 4 (citing Graves v. United States, 150 U.S. 118, 121 (1893)). The Government urged an adverse inference against the defendant for his failure to call his wife as an alibi witness. Graves, 150 U.S. at 119. The Supreme Court rejected

8

this application stating "this presumption does not apply to every fact in the case which it may be in the power of the defendant to prove." Id. at 121.

*Second*, Plaintiffs cite to a 1923 immigration deportation case. Objection at 3 (citing United States ex rel. Bilokumsky v. Tod, 263 U.S. 149 (1923)). In that case, when the defendant failed to claim or enter any evidence of his American citizenship, the Supreme Court invoked the presumption as proof that the defendant was an alien. United States ex rel. Bilokumsky, 263 U.S. at 153-154. This application of the inference makes logical sense. If the defendant was a citizen, he would have made a claim to citizenship rather than remaining silent on the topic. The requested inference (that defendant is not a citizen) is straightforward and logical. But, even in this case, the Supreme Court warned that "Conduct is often capable of several interpretations; and caution should be exercised in drawing inferences from it." Id. at 154.

Neither of these century-old precedents remotely relate to this case; but both do include admonitions against the wide-ranging use of this inference.

More recently, the Fourth Circuit opined that "[a]s a general proposition, the trial court has broad discretion to permit a jury to draw adverse inferences from a party's failure

to present evidence, the loss of evidence or the destruction of evidence." Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995). The failure to produce evidence "without more" permits an inference that "the party fears [to produce the evidence]; and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party." Id. (quoting 2 Wigmore on Evidence, § 285 at 192 (Chadbourn rev. 1979)) (alteration in original). However, the Fourth Circuit also cautioned that "A party's failure to produce evidence may, of course, be explained satisfactorily." Id.

In this case, Bluetech and Breakwater have attempted to offer a satisfactory explanation for their failure to produce evidence. They cite to Cook Islands law which allegedly prohibits the disclosure of the requested documents on the pain of criminal liability. RESPONSE TO PLAINTIFFS' OBJECTIONS TO DEFENDANTS' STATEMENTS OF POSITION AND EVIDENTIARY HEARING EXHIBITS ("Objection Response") at 1 (ECF No. 526). They claim to be awaiting clarification of the laws of the Cook Islands before complying with discovery requestion. Objection Response at 7. "It is hardly debatable that fear of criminal prosecution constitutes a weighty excuse for nonproduction, and this excuse is not weakened because the laws preventing compliance are those

of a foreign sovereign." Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 211 (1958). Because Bluetech and Breakwater have provided a reason for their failure to produce, their failure to do so would not support an inference that the documents would necessarily defeat their claim.

At this time, the Court will deny, without prejudice, Plaintiffs' request. Bluetech and Breakwater have asserted a reason, albeit quite insubstantial (as explained below), for their failure to disclose the documents.

However, as discussed in detail below, the Court will deny the Second Motion for Protective Order and issue an ORDER compelling discovery, on the pain of sanctions. If Bluetech and Breakwater fail to promptly and completely comply with discovery requests within twenty days after this opinion is entered, Plaintiffs may file a Motion for Discovery Sanctions pursuant to Fed. R. Civ. P. 37(b)(2) requesting an adverse inference and any additional sanctions.

*Motion for Protective Order*

Bluetech and Breakwater request a protective order under Fed. R. Civ. P. 26(c)(1)(A) prohibiting "merits discovery as to the Foreign Defendants pending the final determination of

11

declaratory judgment proceedings filed in the High Court of the Cook Islands." Second Motion for Protective Order at 1.

Rule 26(c)(1)(A) allows a party to "move for a protective order in the court where the action is pending. . . forbidding the disclosure or discovery." "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). If the Court wholly or partially denies the motion for a protective order, the court "may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

## Defendants' Argument

Defendants argue that Cook Islands law prohibits them from engaging in discovery. Bluetech is a registered trust under the Cook Islands International Trusts Acts 1984 ("ITA"). See ECF No. 502-2. The ITA states "it shall be an offense for a person to divulge or communicate to any other person information relating to the establishment, constitution, business undertaking or affairs of an international trust." MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AS TO DEFENDANTS BLUETECH IRREVOCABLE TRUST, AND BREAKWATER HOLDINGS, LLC ("Memo. in Supp. of Second Protective Order") at 1 (ECF No. 534) (citing ITA § 23(1)). Breakwater, on the other hand, was organized under the

Cook Islands Limited Liability Companies Act of 2008 ("Cook Islands LLC Act"), see ECF No. 502-1, which holds individuals criminally liable for divulging

> (a) membership or beneficial ownership of; (b) identity of any member or the interest or beneficial ownership of such member in; (c) business, financial and other affairs of; (d) assets and liability of an LLC.

Id. at 2. Since Bluetech is Breakwater's sole member, "Breakwater may also be bound by Section 23(1) of the ITA." Id. Defendants have initiated a declaratory judgement proceeding in the High Court of the Cook Islands to fully understand their obligations under Cook Islands law. Id. at 3. Bluetech and Breakwater "have been advised by a Cook Islands barrister and solicitor that they may face criminal penalties. . . [under Cook Islands law] if they provide discovery in this case." DEFENDANTS' BLUETECH IRREVOCABLE TRUST AND BREAKWATER HOLDINGS, LLC REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR A PROTECTIVE ORDER ("Protective Order Reply") at 1 (ECF No. 548).

Defendants argue that "a protective order effective until the Cook Island [sic] Proceeding is resolved may obviate the need for the Court to grapple with a complex issue of international comity." Memo. in Supp. of Second Protective Order at 9.

*Plaintiffs' Argument*

Plaintiffs argue that a protective order is not necessary. First, Plaintiffs argue that Bluetech and Breakwater's interpretation of Cook Islands law is simply "wrong." PLAINTIFFS' OPPOSITION TO MOTION FOR A PROTECTIVE ORDER BY DEFENDANTS BLUETECH IRREVOCABLE TRUST AND BREAKWATER HOLDINGS, LLC ("Protective Order Response") at 2 (ECF No. 547).[5] Plaintiffs point out the ITA allows the divulging of information that trust employees "consider[] necessary from time to time" and that is divulged "for the purpose of prosecuting or defending any litigation relating to the establishment, constitution, business undertakings or affairs of an international trust." Id. at 2-3 (citing ECF No. 502-2 at 30) The LLC statute further allows the disclosure of information "to the extent reasonably required in the circumstances." Id. at 3-4 (see ECF No. 502-1 at 27).

Even if the statutes did what Defendants say they did, Plaintiffs assert that the interests of the United States override any interests of the Cook Islands in enforcing these blocking statutes. Protective Order Response at 4.

---

[5] Plaintiffs also question if the statutes are even "real," citing to the "misspellings and grammar errors throughout" to ITA and asserting that "the LLC statute cited and attached by Cook Island [sic] Defendants is incomprehensible." Protective Order Response at 3.

Finally, Plaintiffs claim that this defense to discovery has been waived. Protective Order Response at 6. This defense is "nothing more than a late-stage objection to a discovery request, and should be deemed waived [because it was not timely served]." Protective Order Response at 6.

## Legal Standard

District courts have "substantial discretion. . . in managing discovery." United States v. Westinghouse Savannah River, Co., 284 30 F.3d. 284, 290 (4th Cir. 2002). And, "[d]iscovery under the Federal Rules of Civil Procedure is, of course, broad in scope and freely permitted." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993).

An American court "may order a person subject to its jurisdiction to produce documents or other forms of evidence and to submit to depositions and other forms of compulsory interviews relevant to an action or investigation." Restatement (Fourth) of Foreign Relations Law § 426(1) (2018); In re Sealed Case, 932 F.3d 915, 924 (D.C. Cir. 2019). But, all foreign "discovery may be limited as a matter of international comity." Restatement (Fourth) of Foreign Relations Law § 426, Reporters' Notes 2. This Court has determined that it has personal jurisdiction over Bluetech and Breakwater. See August 11, 2023 MEMORANDUM OPINION (Bluetech Personal Jurisdiction) (ECF No.

15

606); August 11, 2023 MEMORANDUM OPINION (Breakwater Personal Jurisdiction) (ECF No. 607); August 11, 2023 ORDER (ECF No. 608).

International comity refers to "the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states." Société Nationale Industrielle Aérospatiale v. U.S. District Court, 482 U.S. 522, 543 n.27 (1987). Comity "is neither a matter of absolute obligation on the one hand, nor of mere courtesy and good will, upon the other." Id. (quoting Hilton v. Guyot, 159 U.S. 113, 163-164 (1895)).

Nor does the concept of comity require American courts to "adhere blindly" to so-called blocking statutes, foreign statutes which prohibit discovery. Société Nationale Industrielle Aérospatiale, 482 U.S. at 544 n.29. An American court may order discovery, and impose sanctions for the failure to participate in discovery, "even if [the party] complying with the order would violate foreign law." Restatement (Fourth) of Foreign Relations Law § 426(3). Indeed, "[i]t is well settled" that blocking statutes "do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that

statute." Société Nationale Industrielle Aérospatiale, 482 U.S. at 544 n.29.

When conducting an international comity analysis, the Court (1) asks if there is an "actual conflict" between the laws of the United States and the foreign sovereign and, if there is a conflict, (2) balances the various interests of the foreign sovereign and the United States. In re Vitamin C Antitrust Litig., 8 F.4th 136, 140 (2nd Cir. 2021); In re Sealed Case, 932 F.3d at 931; Restatement (Fourth) of Foreign Relations Law § 426 cmt. a.

*The Protective Order*

Defendants urge the Court to issue a Protective Order to allow the High Court of the Cook Islands the opportunity to opine on this question. If the High Court of the Cook Islands finds that the Defendants may fully comply with discovery, the Defendants argue that the Court will not need to conduct a comity analysis because there will be no actual conflict.

This request is simply another attempt by the Defendants to secure a stay in this case. The Court recently denied Bluetech and Breakwater's request for a stay in this case. ECF No. 493 ("3/27/2023 ORDER"). Defendants' request for a protective order, which will only serve to further delay discovery, is nothing

17

more than the latest in a long series of attempts to delay and obfuscate this litigation.

It is not necessary to await a ruling from the Cook Islands High Court to determine the questions of comity presented by the case. While such a ruling might provide further guidance on the question of an "actual conflict," the first step of the comity analysis, it will not be dispositive. When determining the proper interpretation of foreign law, the Federal Rules of Civil Procedure instruct the court to "consider any relevant material or source. . . whether or not submitted by a party." Animal Science Prods. v. Hebei Welcome, 138 S.Ct. 1865, 1869 (2018) (quoting Fed. R. Civ. P. 44.1). Although federal courts "should accord respectful consideration to a foreign government's submission [on the meaning and interpretation of its law]," they are "not bound to accord conclusive effect to the foreign government's statements." Animal Science Prods., 138 S.Ct. at 1869. The Supreme Court of the United States has outlined several "relevant considerations" to determine the appropriate weight given to foreign government's pronouncements. Id. at 1873.[6] Until the High Court of the Cook Islands issues its

---

[6] These considerations include: "the statement's clarity, thoroughness, and support; its context and purpose; the transparency of the foreign legal system; the role and authority of the entity or official offering the statement; and the statement's consistency with the foreign government's past positions." Animal Science Prods., 138 S.Ct. at 1873-1874.

opinion, the Court will be unable to evaluate all the requisite factors to determine the weight on which to give the opinion. However, this Court is not permitted to simply defer to the opinion of the Cook Islands court.

Moreover, this Court can already consider one factor which counsels against giving significant weight to the Cook Islands court's opinion: "the role and authority of the entity or official offering the statement." Animal Science Prods., 138 S.Ct. at 1873. When considering this factor, the Supreme Court has analogized its consideration of pronouncements of foreign law to its treatment of pronouncements of state law. Id. at 1874. While a decision from a state's highest court is binding on federal courts, id., the same is not true for decisions from state intermediate courts, Assicurazioni Generali, S.P.A. v. Neil, 160 F.3d 997, 1003 (4th Cir. 1998). To determine the proper authority to assign to the High Court's declaratory judgment, it is necessary to determine the High Court's role within the Cook Islands' judiciary system.

Its name notwithstanding, the High Court of the Cook Islands is not the highest court in the nation.[7] In fact, "High Court" can refer to two different bodies, one constituted by a

---

[7] University of the South Pacific, "Cook Islands Courts System Information," Pacific Islands Legal Information Institute, http://www.paclii.org/ck/courts.html

High Court Judge and one constituted by Justices of the Peace. Id. It is not clear which of the two bodies is hearing this request for a declaratory judgement. Like the United States, the Cook Islands has a multi-tiered court system. Cases from the High Court (constituted by Justice of the Peace) appeal to the High Court (constituted by a High Court Judge). Id. Appeals from the second High Court are heard by the Court of Appeals. Id. Finally, parties may appeal Court of Appeals decisions to the Privy Council of the United Kingdom. Id. Thus, it appears that a declaratory judgment of the High Court should be treated akin to the finding of a state trial-level court. Undoubtably, it should be accorded respect, but it should not be seen as a final and binding determination of the law of the Cook Islands on this Court.

In addition, the Court has been given no information about how long it will take for the High Court of the Cook Islands to issue its decision. Furthermore, the Court observes that this litigation has been ongoing for four years and, at any earlier point, Defendants could have requested the declaratory judgment they belatedly rely on now.

Bluetech and Breakwater have refused to engage in any discovery throughout this already prolonged litigation. See S.E.C. v. Elfindepan, S.A., 169 F.Supp.2d 420, 425 (M.D.N.C.

20

2001). Bluetech and Breakwater cannot use this latest tactic to further extend this already lengthy litigation.

Where, as here, the asserted Cook Islands laws provide broad exceptions permitting disclosure for purposes of defending any litigation "to the extent reasonably necessary in the circumstances," it cannot be reasonably concluded that a decision from a Cook Islands court would preclude the discovery that Plaintiffs have requested. See Cook Islands LLC Act at § 72(5).

Even if the High Court of the Cook Islands were to find there to be an "actual conflict" between Cook Islands law and American law and this Court was to give the High Court's judgment full weight, that would only be the first step of the analysis. As discussed in more detail below, under the principles of comity, this Court would still compel discovery.

*Order Discovery*

In addition to denying the Second Motion for a Protective Order, the Court will compel discovery. After conducting a proper international comity analysis, it is clear that the compulsion of discovery, even without having ruled on all of the jurisdiction disputes, is well-within this Court's discretion.

21

Actual Conflict

The first step of the comity analysis is to determine if there is an "actual conflict" between American and Cook Islands law. For there to be an "actual conflict" it must be "impossible" for the Defendants to comply with both American and Cook Islands law. Hartford Fire Ins. Co. v. California, 509 U.S. 764, 799 (1993). "Absent a clash of foreign and domestic law, American courts may press forward free from worry that their rulings with threaten the 'international legal ties that advance the rule of law within and among nations.'" In re Sealed Case, 932 F.3d at 931 (quoting Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909, 937 (D.C. Cir. 1984), as amended (Mar. 6 and 9, 1984)). Finally, in a case such as this,

> [w]ith foreign laws designed to frustrate the operation of domestic courts and foreign trustees acting in concert with domestic persons to thwart the United States courts, the domestic courts will have to be especially chary of accepting a defendant's assertions. . . compliance with a court's order concerning a foreign trust is impossible.

F.T.C. v. Affordable Media, LLC, 179 F.3d 1228, 1241 (9th Cir. 1999).

Though this Court can hardly claim to be an expert in the laws of the Cook Islands, it is quite clear that Cook Islands and American law do not directly conflict with one another.

22

Taken at "face value," neither cited Cook Islands law (the ITA and the Cook Islands LLC Act) prohibits Bluetech and Breakwater from complying with this Court's discovery orders. In re Vitamin C Litig., 8 F.4th 136, 158 (2d Cir. 2021).

The ITA, which most directly applies to Bluetech, does contain a general prohibition on divulging information relating to a Cook Islands international trust, of which Bluetech indisputably is. ITA § 23 (see ECF No. 501-2). However, the statute has a rather broad exception allowing a "trustee or an officer or employee of a trustee or trustee company" to

> divulge or make available information relating to the establishment, constitution, business undertaking or affairs of an international trust to any person or class of persons as that trustee or officer or employee of a trustee or trustee company considers necessary from time to time, in its complete discretion for the carrying out the management and administration of the trust in the ordinary course of business.

ITA § 23(5).[8] This includes providing that information "for the purpose of prosecuting or defending any litigation relating to the establishment, constitution, business undertakings or affairs of an international trust." Id. In this case, Bluetech is defending itself in "litigation relating to its establishment. . . [and] business undertakings or affairs."

---

[8] The term "ordinary course of business" is not defined in the legislation.

Thus, Bluetech's officers and employees can, by their "complete discretion," divulge any information necessary without fear of repercussion.

Under the Cook Islands LLC Act (see ECF No. 502-1), Breakwater too is permitted to divulge information. Like in the ITA, the Cook Islands LLC Act has a general prohibition on divulging information regarding Cook Islands limited liability companies, of which Breakwater undoubtably is. Cook Islands LLC Act § 72(4). But, the Act makes an exception when divulging is necessary "in the course of the performance of the duties" of an LLC's manger or registered agent, id. at § 72(5)(d), or "where all members of that company consent to such disclosure," id. at § 72(5)(e). Thus, like Bluetech, Breakwater can comply with the discovery requests if it so chooses without fear of criminal or civil liability.

While the Cook Islands law does not compel Bluetech and Breakwater to divulge the requested discovery documents, it does not prohibit them from doing so. Therefore, under the Hartford Fire standard, there is no "actual conflict" between the laws of the Cook Islands and the United States.

24

Balance of Interests

Even if Defendants had made a showing of actual conflict (which they did not), the Court would still compel discovery in accordance with the principles of international comity.

When determining "whether to issue an order directing production of information located abroad," American courts consider:

(1) "the importance to the investigation or litigation of the documents or other information requested"
(2) "the degree of specificity of the request"
(3) "whether the information originated in the United States"
(4) "the availability of alternative means of securing the information" and
(5) "the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located."

Restatement (Fourth) of Foreign Relations Law § 426 cmt. a; Société Nationale Industrielle Aérospatiale, 482 U.S. at 544 n.28 (citing the Restatement). In making this determination, "'[m]echanical or overbroad rules of thumb are of little value; what is required is a careful balancing of the interests involved and a precise understanding of the facts and circumstances of the particular case.'" Linde v. Arab Bank, PLC, 706 F.3d 92, 108 (2d Cir. 2013) (quoting United States v. First Nat'l City Bank, 396 F.2d 897, 901 (2d Cir. 1968)).

*Importance to the investigation or litigation:* The requested information is vitally important to the litigation. Without proper discovery on the topics in Plaintiffs' discovery request, this litigation cannot continue. Thus, the outcome of this litigation does "stand or fall on the present discovery order." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1475 (9th Cir. 1992) (quoting In re Westinghouse Elec. Corp. Uranium Contracts Litig., 563 F.2d 992, 999 (10th Cir. 1977)). And, as no discovery responses have been served, the evidence requested cannot be "cumulative of existing evidence." Id. Without this requested information, Plaintiffs will be unable to pursue their case in its entirety. This factor supports compelling discovery.

*Specificity of the request:* The Supreme Court has admonished lower courts to be sensitive to the difficulties foreign litigants face in discovery. Courts should carefully supervise discovery to "seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests." Société Nationale Industrielle Aérospatiale, 482 U.S. at 546. But, that is not a concern in this case. Bluetech and Breakwater have not objected to the specificity of the request and only object to it on the grounds of illegality. Richmark

26

Corp., 959 F.2d at 1475. This factor weighs in favor of compulsion.

*Origins of the Information:* It appears that the requested information is located in the Cook Islands. The Defendants are Cook Islands entities, located and headquartered in the Cook Islands. However, given the broad exception previously outlined, the Defendants could provide the information without violating Cook Islands law. This factor cuts in favor of requiring discovery.

*Availability of alternative means:* Other than requesting these records from the companies, Plaintiffs have no means of investigating their claims. Defendants have not presented any alternative means to acquire this information, nor can the Court identify any. This factor strongly supports compelling discovery.

*Important Sovereign Interests:* Of all the Société Nationale Industrielle Aérospatiale factors, this is the "most important." Richmark Corp., 959 F.2d at 1476.

First, as a threshold matter, this is a dispute between two private entities. Neither sovereign in question—the United States or the Cook Islands—are involved in this litigation nor, as far as this Court is aware, have either sovereign made any

27

public statements regarding their interest in the litigation. Reinsurance Co., 902 F.2d at 1280.

Although not a party in this litigation, the United States nonetheless has a strong interest in the effective vindication of its statutory causes of action. Plaintiffs, all of whom are citizens of the United States, are pursuing a Congressionally created private claim. Showing the importance Congress has assigned to the effective vindication of this statutory right, it authorized private plaintiffs to receive treble damages if successful. 18 U.S.C. § 1964(c). And, it authorized nationwide service of process.

The United States also has an interest in preventing its citizens from circumventing American law. Matt Martorello is an American citizen residing in Texas. 3/29/23 Deposition of Matt Martorello ("Martorello Deposition") at 9 (ECF No. 509-24). Though technically Cook Islands entities, Bluetech and Breakwater are closely associated with Martorello and are part of his complex American-based corporate web. Indeed, Bluetech is owned by Martorello and, by virtue of that fact, is subject to United States taxation. See Martorello Deposition at 9, 38. Breakwater also has strong ties to the United States. The company is managed by Liont, an American company of which Martorello is President, and is owned by Bluetech. PLAINTIFFS'

28

STATEMENT OF POSITION REGARDING HOW MONEY FROM THE ALLEGED
SCHEME FLOWED THROUGH EACH OF MARTORELLO'S COMPANIES ("Pls.
Statement of Pos. on Money") at 19 (ECF No. 494); Martorello
Deposition at 34-35, 72-73.

Notwithstanding these strong American ties and Martorello's
apparent lack of any connection to the Cook Islands, Martorello
created Bluetech and Breakwater as Cook Islands entities.
Martorello Deposition at 5. The reason for this decision is not
difficult to fathom. The Cook Islands has made a name for itself
as an especially settlor-friendly jurisdiction and has created a
legal system dedicated to promoting "asset protection trusts."
David R. McNair, "Cook Islands Asset Protection Trust Law," 3 J.
Bus. Entrepreneurship & L. 321, 327 (2010); Stewart E. Sterk,
"Asset Protection Trusts: Trust Law's Race to the Bottom," 85
Cornell L. Rev. 1035, 1037, 1048 (1999). Indeed, according to at
least one legal scholar, the Cook Islands intentionally
fashioned its "asset protection" legal regime *explicitly* to
attract an American clientele and to serve as an overseas haven
for American citizens' funds. McNair, "Cook Islands Asset
Protection Trust Law," at 322.

Asset protection is, however, nothing more than a euphemism
for evasion. For decades, Americans have used Cook Islands
trusts trying to avoid the reach of American courts. F.T.C. v.

29

Affordable Media, LLC, 179 F.3d 1228, 1240 (9th Cir. 1999) ("The 'asset protection' aspect of these foreign trusts arises from the ability of people. . . to frustrate and impede the United States courts by moving their assets beyond those courts' jurisdictions"); Debra Baker, "Island Castaway," 84 A.B.A. J. 54, 55 (1998).

Courts throughout the nation have rejected these attempts to impede their jurisdiction and to avoid compliance with their orders. In a landmark case against asset protection trusts, the United States Court of Appeals for the Ninth Circuit upheld a contempt order against a couple who claimed they were unable to satisfy a judgment because their money was in a Cook Islands trust. Affordable Media, LLC, 179 F.3d at 1231. Rejecting the couples' impossibility argument, the Ninth Circuit noted with disapproval how "the provisions of the trust were intended to frustrate the operation of domestic courts." Id. at 1232, 1240. Any difficulties with repatriating the money in the trust were "the intended result of [the defendants'] own conduct" and could not be used to excuse court-ordered performance. Id. at 1239. Favorably citing to Affordable Media, the United States Court of Appeals for the Eleventh Circuit rejected a similar contention by a debtor with an overseas trust. In re Lawerence, 279 F.3d 1294, 1296 (11th Cir. 2002). The Eleventh Circuit noted that the

trust provision at issue "appears to be an aid to the settlor to evade contempt while merely feigning compliance with the court's order" and that the "validation of such a provision would contravene public policy." Id. at 1299. The United States District Court for the Southern District of Florida likewise held in contempt a defendant claiming he could not access his Cook Islands trust funds. S.E.C. v. Solow, 682 F.Supp.2d 1312, 1330 (S.D. Fla. 2010). The Court found the defendant's use of a Cook Islands trust an attempt to "obfuscate" his duty to make good faith efforts to pay the judgment against him. Id. The courts have sent a clear message: American citizens cannot evade American court orders by squirreling their money away into offshore asset protection trusts.

While the United States does have a strong sovereign interest in this litigation, the Cook Islands does not. Defendants only cite to the Cook Islands' general "strong interest in enforcement of its legitimate laws." Protective Order Reply at 4. When conducting a "particularized comity analysis," blocking statutes are relevant to understand "the nature of the sovereign interests in nondisclosure of specific kinds of materials." Société Nationale Industrielle Aérospatiale, 482 U.S. at 545 n.29. The plain language of the Cook Islands statutes makes clear that the statutes are not

31

"directed at domestic affairs," but rather are designed to protect entities from American discovery requests. <u>Reinsurance Co. v. Administratia Asigurarilor</u>, 902 F.2d 1275, 1280 (7th Cir. 1990). Indeed, they were designed and intended as "tactical weapons and bargaining chips in foreign courts," not to protect an avowed Cook Islands interest in secrecy. <u>Id.</u> (quoting <u>Compagnie Francaise D'Assurance v. Phillips Petroleum Co.</u>, 105 F.R.D. 16, 30 (S.D.N.Y. 1984)). Therefore, the Cook Islands have little, if any, sovereign interest in this litigation.

     *Conclusion*: The balance of these factors weighs in support of compelling discovery.

## Motion to Compel and for Sanctions

*Overrule Objections*

     Plaintiffs request the Court to overrule Bluetech and Breakwater's objections to discovery requests. MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS ("Motion to Compel Memo.") at 3 (ECF No. 546). *First*, they argue that Bluetech and Breakwater's objection based on Cook Islands law was untimely raised and thus waived. <u>Id.</u> at 4. *Second*, they argue that the Defendants "lodge[d] non-specific, boilerplate objections" to Plaintiffs' discovery requests. <u>Id.</u> Having relied on general objections, the Defendants have waived any specific objections to Plaintiffs' interrogatories. <u>Id.</u> at 4-5. In

32

particular, Plaintiffs argue that the Defendants overbreadth, proportionality and relevance objections are improperly raised. Id. at 9. *Third*, Plaintiffs argue that all of the Defendants' confidentiality objections are moot as a PROTECTIVE ORDER has been entered. See STIPULATED PROTECTIVE ORDER (ECF No. 292). *Fourth*, Plaintiffs argue that the Defendants have waived all privilege objections by only raising boilerplate privilege objections and failing to properly serve a privilege log. Motion to Compel Memo. at 6, 8. *Fifth*, Plaintiffs argue that the Electronic Stored Information ("ESI") cutoff should be through May 1, 2023. Id. at 9. *Sixth*, Plaintiffs argue that their class certification requests are not premature. Id. at 11. *Seventh*, Plaintiffs also argue that their discovery requests seek relevant documents and information, including access to the Defendants' financial documents, structure and operations, the lending enterprise and Defendants' role in the enterprises, class certification, and notice of illegality. Id. at 12-15.

In response, the Defendants rely entirely on their Cook Islands defense. DEFENDANTS BLUETECH IRREVOCABLE TRUST AND BREAKWATER HOLDINGS LLC'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS ("Motion to Compel Response") (ECF No. 559). Indeed, Defendants state "they [are not] relying on certain specific and general objections raised in their

33

discovery responses as the rationale for not producing responsive information and documents." Id. at 5. Defendants re-hash the same arguments they presented in the earlier disputes, namely that discovery is premature as this Court has not yet ruled on the various jurisdictional motions before it nor has a Cook Islands' court ruled on Defendants' motion for declaratory judgment. Id. at 2-3.

The Court has already rejected Defendants' Cook Islands-based argument, see supra. As these arguments are presented in substantially similar form in this response, they are again rejected for the same reasons as set forth before. As Defendants have failed to respond to any of Plaintiffs' other grounds for compulsion, those arguments are deemed waived. Defendants are compelled to fully and completely engage in discovery.

Local Civil Rule 26(C) requires discovery objections to be "served within fifteen (15) days after the service of the interrogatories, request, or application." Defendants' objections were not timely. They are overruled for that reason alone.

The Defendants also presented boiler plate General Objections. Those are impermissible. Spendlove v. RapidCourt, LLC., No. 3:18-cv-856, 2019 WL 7143664, at *3 (E.D. Va. Dec. 23, 2019). Thus, they are overruled. Having ruled on General

34

Objections, which are overruled, the Defendants have waived any specific objection presented belatedly in their briefing.

All objections based on confidentiality are moot because a PROTECTIVE ORDER has been entered. STIPULATED PROTECTIVE ORDER (ECF No. 292).

*Sanctions*

Plaintiffs argue that, under Fed. R. Civ. P. 37(a), the Defendants should be required to pay the Plaintiffs' attorneys fees for bringing this Motion to Compel. Motion to Compel Memo. at 16. Defendants argue that their failure to comply was "substantially justified" because there was a "genuine dispute" over the proper resolution of the Motion to Compel. Motion to Compel Response at 7.

Rule 37 states that, if a motion to compel is granted, the Court "must" award attorneys fees to the moving party. Fed. R. Civ. P. 37(a)(5)(A). However, the Court "must not order this payment if. . . the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). "A motion is substantially justified if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" Hare v. Comcast Cable Communications Management, LLC, 564 Fed.Appx. 23, 25 (4th Cir.

2014) (unpublished) (quoting Pierce v. Underwood, 487 U.S. 552, 565-66 n. 2 (1988)).

In this case, there was a reasonable basis in law for Defendants to conclude they did not need to comply with discovery. The comity analysis requires the balancing of various factors and is highly fact specific. Thus, the Court will not order sanctions at this point. But, Defendants are admonished to no longer attempt to rely on the laws of the Cook Islands to avoid their discovery obligations.

## CONCLUSION

For the reasons set forth above, PLAINTIFFS' OBJECTION TO BLUETECH AND BREAKWATER'S STATEMENT OF POSITIONS AND EVIDENTURY [sic] HEARING EXHIBIT LIST (ECF No. 507) will be denied without prejudice as to the request for an adverse inference; Bluetech and Breakwater's MOTION FOR PROTECTIVE ORDER AS TO DEFENDANTS BLUETECH IRREVOCABLE TRUST AND BREAKWATER HOLDINGS, LLC (ECF No. 533) will be denied; and PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS (ECF No. 545) will be granted in part and denied in part.

/s/  _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August ____, 2023