1

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF VIRGINIA
 2                    RICHMOND DIVISION

 3   _____
                                     )
 4   RENEE GALLOWAY, et al.          )
                                     )
 5   v.                              )     Civil Action No.:
                                     )     3:19 CV 314
 6   JUSTIN MARTORELLO, et al.       )
     _____)
 7                                         January 4, 2024

 8

 9         COMPLETE TRANSCRIPT OF STATUS CONFERENCE
            BEFORE THE HONORABLE ROBERT E. PAYNE
10             UNITED STATES DISTRICT COURT JUDGE

11

12   APPEARANCES:

13   Kristi Cahoon Kelly, Esquire
     Andrew J. Guzzo, Esquire
14   KELLY GUZZO, PLC
     3925 Chain Bridge Road, Suite 202
15   Fairfax, VA 22030

16             Counsel on behalf of the Plaintiffs

17

     Jonathan Frank Hollis, Esquire
18   WOODS ROGERS VANDEVENTER BLACK PLC
     901 East Byrd Street, Suite 1500
19   Richmond, VA 23219

20             Counsel on behalf of the Defendant
               Bluetech Irrevocable Trust
21

22

23

24              TRACY J. STROH, RPR
              OFFICIAL COURT REPORTER
25           UNITED STATES DISTRICT COURT
```

1           (The status conference commenced at 4:03 a.m.)

2           THE COURT:  Hello.  This is Galloway against

3  Martorello, et al, 3:19 CV 314.

4           Who's here for whom, beginning with counsel for

5  the plaintiff?

6           MR. GUZZO:  Good afternoon, Your Honor.  This is

7  Andrew Guzzo and Kristi Kelly for the plaintiffs.

8           THE COURT:  Who's here for the defendant?

9           MR. HOLLIS:  Good afternoon, Your Honor.  This

10 is Jon Hollis here for Bluetech.

11          THE COURT:  All right.  I've got this motion to

12 extend deadlines regarding plaintiffs' motion for

13 sanctions and to compel.

14          I don't understand how or why these proceedings

15 are to be delayed in the filing of these papers.  Can

16 someone explain to me what the theory is that we should

17 not proceed with the briefing on these issues?

18          MR. GUZZO:  Yes, Your Honor.  This is Andrew

19 Guzzo.  I'll take it up.  I've also been involved in the

20 bankruptcy case, including appearing before a hearing with

21 that court on December 21st. So let me just start by way

22 of background.

23          That background is on December 4th, BWH filed a

24 motion in the bankruptcy case claiming that the plaintiffs

25 had violated the automatic stay, including by the filing

1  of this motion for sanctions is their position.

2         The plaintiffs believe that motion is wholly

3  meritless as there is binding precedent that the automatic

4  stay does not apply to nondebtors.  We're confident that

5  the bankruptcy court is going to apply that rule.

6         But putting aside the merits, plaintiffs

7  recognize that the bankruptcy court certainly has the

8  authority to determine what conduct does or does not

9  violate its orders.  So the question here really becomes

10 one of process of whether the bankruptcy court should take

11 that up first or whether we should plow ahead here in

12 *Galloway*.

13        And here, the plaintiffs think the minimal delay

14 makes sense for a few reasons.  The first is that they are

15 asking for damages against our individual clients for

16 violation of the stay.  By deferring their response and a

17 short resolution of this motion, we feel like we're

18 mitigating those damages.

19        And second, we think the bankruptcy court is

20 going to be able to take this up pretty quickly.

21        So it's just from our perspective, the -- the

22 risk doesn't seem to be justified in not agreeing to let

23 the bankruptcy court, as a matter of process, take this

24 issue up first.

25        Mr. Hollis, I don't know if you have anything to

1    add, but that's the plaintiffs' perspective, Your Honor.

2          MR. HOLLIS:  Your Honor, I guess the only thing

3    that I would add is that I've looked at the transcript of

4    the hearing in the bankruptcy court where Mr. Guzzo

5    appeared.  My understanding of the -- essentially the

6    agreement that was worked out on the record during that

7    hearing is that plaintiffs would -- would jointly seek an

8    extension of time, which they have done, with respect to

9    the opposition on their sanctions motion, ending the

10   resolution of the motion pending in the bankruptcy court.

11         So we're really just seeking to effectuate what

12   was agreed on the record in that proceeding.

13         MR. GUZZO:  And, Judge, this is Andrew Guzzo.

14   One more thing to add to that.

15         Just so the Court has it, by way of background,

16   is that BWH filed an emergency motion before the

17   bankruptcy court to fast-track its resolution of the

18   motion for violation of the automatic stay, including

19   trying to get a hearing over the holidays.

20         And so one of the resolutions presented to the

21   Court so that the parties didn't have to appear in Dallas

22   and take up this hearing was that, you know, we were happy

23   to accommodate what we perceived would be a short delay

24   here in *Galloway* as to a resolution of this motion.

25         THE COURT:  Well, let me say this.  I've studied

1  considerably the questions about BWH and the various and

2  sundry matters that have been asserted in the cases here,

3  *Williams* and *Galloway*, by Mr. Martorello and his related

4  companies, and I have some difficulty understanding

5  whether there is any legitimacy at all to the BWH

6  bankruptcy, much less whether or not there is any

7  legitimacy to *Galloway*, that in the *Galloway* case

8  nonparties should have any benefit of any stay that exists

9  there at all based on what I have been able to read.

10         Previously, there has been efforts to exploit

11  the bankruptcy process in this case by a bankruptcy that

12  was dismissed as a frivolous one, and I will trust that

13  the bankruptcy court will see through these continued

14  efforts to delay these proceedings by any means whatsoever

15  and rule on them.  And I, therefore, will grant this

16  motion, but I will not grant it as asked.

17         If the bankruptcy court has not resolved this

18  matter, then this Court has the right to protect its own

19  jurisdiction as matters that don't apply to the debtor,

20  and if somebody wants to fight about it, they can fight

21  about it.  There are limits that can be tolerated, and

22  Martorello, his related entities and people are tacking so

23  close to the wind that they are close to obstructing

24  justice here, and I don't intend to see it go forward or

25  be allowed here.

1          I'll give the bankruptcy court an opportunity to

2    make its decision.  You tell me they are going to do it by

3    late January or early February.

4          You are to file a report with me by February 15

5    as to what's been done and what the progress of things is

6    if we don't have a decision on this issue at that time,

7    and then I will decide thereafter the extent to which

8    further briefing will be pursued on these questions.

9          Mr. Hollis, my suggestion is that you read quite

10   carefully the relationships here in the law and be mindful

11   of your obligation not only to be an advocate but an

12   officer of the Court in all filings that appear here.  I'm

13   quite troubled by what I am seeing that's going on across

14   the board here.  But it isn't all in this case and it

15   isn't all in this particular motion.

16         So I will issue an order granting it

17   temporarily, and that will be done.  So you don't have to

18   file anything right now.

19         Is there anything else that you all need to take

20   up?

21         MR. GUZZO:  Your Honor, this is Andrew Guzzo.

22   From the plaintiffs' perspective, that's it, Your Honor.

23   We appreciate your comments.  The plaintiffs completely

24   agree with you, but we just want to give this process its

25   time to play out.  So thank you very much, Your Honor, for

1  your attention to this.

2          MR. HOLLIS:  Nothing further from the defendant,

3  Your Honor.

4          THE COURT:  All right.  Thank you very much.

5  Good-bye.

6          (The status conference concluded at 4:12 p.m.)

7                  REPORTER'S CERTIFICATE

8      I, Tracy J. Stroh, OCR, RPR, Notary Public in and for

9  the Commonwealth of Virginia at large, and whose

10 commission expires September 30, 2027, Notary Registration

11 Number 7108255, do hereby certify that the pages contained

12 herein accurately reflect the stenographic notes taken by

13 me, to the best of my ability, in the above-styled action.

14     Given under my hand this 7th day of January 2024.

15

                    _____/s/_____
16                      Tracy J. Stroh, RPR

17

18

19

20

21

22

23

24

25