```
                    IN THE UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF VIRGINIA
                              RICHMOND DIVISION


************************
LULA WILLIAMS, et al.,   *
                         *
        Plaintiffs,      *    CIVIL NO.: 3:17-CV-00461
                         *    DATE: May 28, 2024   4:00 P.M.
                         *    TELEPHONIC CONFERENCE CALL
    vs.                  *
                         *
BIG PICTURE              *
LOANS, LLC, et al.,      *
                         *
        Defendants.      *
                         *
************************

RENEE GALLOWAY, et al.,  *
                         *
        Plaintiffs,      *    CIVIL NO.: 3:19-CV-00314
                         *
    vs.                  *
                         *
JUSTIN MARTORELLO,       *
et al.,                  *    Before:
                         *    THE HONORABLE ROBERT E. PAYNE
        Defendants.      *    UNITED STATES DISTRICT COURT JUDGE
                         *    EASTERN DISTRICT OF VIRGINIA
                         *
************************

APPEARANCES (By telephone):

For plaintiffs Williams and Galloway:

                    KRISTI C. KELLY, ESQUIRE
                    ANDREW J. GUZZO, ESQUIRE
                    KELLY GUZZO, PLC
                    3925 Chain Bridge Road, Ste. 202
                    Fairfax, Virginia 22030

Court Reporter:     Ruth A. Levy, RPR
                    701 East Broad Street
                    Richmond, Virginia 23219
                    804.916.2893

    Proceedings recorded by mechanical stenography; transcript
produced by computer.
```

```
APPEARANCES (Continued):

For defendant Justin Martorello and Eventide Credit
Acquisitions, LLC:

                    JOHN D. TALIAFERRO, ESQUIRE
                    LOEB & LOEB, LLP
                    901 New York Avenue NW, Ste. 300 East
                    Washington, D.C. 20001


For defendant Matt Martorello:

                    CULLEN D. SELTZER, ESQUIRE
                    SANDS ANDERSON, PC
                    1111 E Main Street, Ste. 2400
                    Richmond, Virginia 23218


                    JOSEPH A. BROPHY, ESQUIRE
                    CHARLES BLAND, ESQUIRE
                    BROPHY & DEVANEY, PLLC
                    317 Grace Lane, Ste. 210
                    Austin, Texas 78746


For defendant Rebecca Martorello:

                    WILLIAM B. JACKSON, ESQUIRE
                    WILLCOX SAVAGE
                    440 Monticello Avenue, Ste. 2200
                    Norfolk, Virginia 23510


For defendant BWH Texas, LLC:

                    JONATHAN F. HOLLIS, ESQUIRE
                    WOODS, ROGERS, VANDEVENTER, BLACK, PLC
                    901 East Byrd Street, Ste. 1550
                    Richmond, Virginia 23219
```

1        (Conference convened at 4:00 p.m.)
2             THE COURT:  Hello.  This is *Galloway against
3   Martorello*, 3:19-CV-314.  And it pertains to the plaintiffs'
4   motion for preliminary approval of class settlement and
5   therefore implicates the cases of *Duggan against Martorello* in
6   Massachusetts, *Smith against Martorello* in Oregon, *Eventide
7   Credit Acquisitions* in Texas Bankruptcy, and *Williams against
8   Martorello* in this court.  Any other cases that it implicates,
9   let me know.
10            Beginning with counsel for the plaintiffs, who is
11  here?  And please give who you represent and please give your
12  name when you speak for the court reporter.
13            MS. KELLY:  Good afternoon, Judge.  This is Kristi
14  Kelly on behalf of the plaintiffs.  Also on the line is Andrew
15  Guzzo for the plaintiffs.
16            THE COURT:  We can't really hear you, Ms. Kelly.  I
17  can hear you very distantly, as if you're in a hole.
18            MS. KELLY:  Judge, is this better?
19            THE COURT:  That is better.  Fine.  Thank you.
20            MS. KELLY:  I apologize, Judge.  It's Kristi Kelly
21  for the plaintiffs and also on the line is Andrew Guzzo for the
22  plaintiffs.
23            THE COURT:  Martorello?
24            MR. BROPHY:  Joe Brophy and Charles Bland here for
25  Matt Martorello.

1  MR. JACKSON: Judge, this is William Jackson for
2  Rebecca Martorello.
3  THE COURT: Who?
4  MR. JACKSON: William Jackson for Rebecca Martorello.
5  THE COURT: All right.
6  MR. SELTZER: Judge, this is Cullen Seltzer also here
7  for Matt Martorello.
8  THE COURT: Anybody else?
9  MR. HOLLIS: Your Honor, this is Jon Hollis here on
10  behalf of BWH Texas, LLC, as successor to the Bluetech
11  Irrevocable Trust and Breakwater Holding, LLC.
12  MR. TALIAFERRO: Your Honor, this is J.D. Taliaferro
13  of the Loeb & Loeb firm, and I'm on the call. I'm currently
14  counsel to Mr. Martorello in case 17-461 and also Eventide in
15  this case, 19-CV-314.
16  THE COURT: Anyone else?
17  Ms. Kelly, are you here for the plaintiffs in the
18  Massachusetts and Oregon cases and the Utah?
19  MS. KELLY: Judge, the Caddell & Chapman firm is
20  handling those cases, and so we don't -- we're not noticed in
21  those cases, but we're aware of the status of those cases.
22  THE COURT: Are they on the phone?
23  MS. KELLY: They're not, Judge. I did not know that
24  they needed to be on the telephone. I apologize; that's
25  completely my fault.

1    THE COURT:  All right.  I reviewed your settlement
2    motion.  And in the beginning, you discuss vacatur of the
3    *Williams* judgment of this Court that is on appeal to the Fourth
4    Circuit and you agree that exceptional circumstances exist.
5    None of the places where vacatur is addressed, either there, on
6    ECF 652, page 11 of 31, or in the settlement agreement, ECF
7    652-1, paragraph 11.1, do you really address the questions that
8    I think are presented in a request for vacatur.
9         You're aware, I'm sure, of the Supreme Court decision
10   in *Bancorp Mortgage Company against Bonner Mall Partnership*,
11   115 S.Ct. 386, 513 U.S. 16 [sic].  Since that time -- that was
12   a 1994 decision -- there's been a lot of water under the bridge
13   about vacatur and what to do about it and when it's
14   appropriate.  And of course, *Bancorp* dealt with the issue of
15   vacating, for settlement purposes, an opinion of the Court of
16   Appeals and the consequent vacation subsequently of the
17   district court's opinion.
18        So it doesn't cover precisely the circumstances
19   presented in a situation like this.  And that is made clear by
20   the decision in *Valero Terrestrial Corporation against Paige*,
21   211 F.3d.  I think that we have here a case which has gone to
22   judgment.  And if you want it vacated here, you have to explain
23   better why it's to be vacated.
24        As I read the law on the topic -- and I may not have
25   it exactly right -- but vacatur is generally an equitable

1  remedy and, therefore, you have to show exceptional
2  circumstances which seems to be recognized in both the section
3  of this brief, 652, and settlement agreement, 651, as cited
4  previously.
5          But that said, I don't think that the discussion here
6  is sufficient, so I want you to address it and address it
7  forthwith.  This hearing is to be -- on what date do we have
8  the hearing?
9          MR. GUZZO:  Monday, Your Honor, June 3rd.
10         THE COURT:  All right.  So I'll need to have your
11 input on this topic -- and you may not be at odds on it and may
12 submit a joint brief; I don't know.  I'll need to have your
13 input on it by the end of the day on Thursday the 30th of May.
14         I'm not saying that it's improper to do it or that
15 I'm unwilling to do it, but I want to make sure that the record
16 is correct.  Because what is clear from *Bancorp* is that the
17 test for vacatur almost anywhere is exceptional circumstances.
18 And in that case, it held that exceptional circumstances do not
19 include the mere fact that the settlement agreement provides
20 for vacatur.  And it makes a reference to proceeding under
21 Federal Rules of Civil Procedures 60(b); whether, given the law
22 that has evolved since *Bancorp*, that is what has to be done, I
23 don't know.  But I'm asking you-all to look at it.
24         And it is clear also that because the equitable power
25 is involved; it is the public interest that has to be taken

1 into account as well as other factors. And I urge you to
2 read -- I don't think *Bancorp* is the end of the story in our
3 case. But it is the beginning of a story about the federal
4 courts and what they're doing with a vacatur. So I'm going to
5 ask you to get those papers together.
6 Also, there are several things that I need to have
7 you discuss that, in my reading of your papers, I don't quite
8 understand. In paragraph 5, we're settling litigation and
9 proofs of claim relating to two bankruptcy cases. What, if
10 any, my question is, role does the bankruptcy have to do with
11 the settlement and do they have to do something before I can
12 approve the settlement? And I don't find, in my reading of the
13 papers, any explanation for the interaction and interplay
14 between the bankruptcy proceedings and this case. I express no
15 opinion upon it, but I expect you to be prepared to address it
16 on Monday the 3rd.
17 In the settlement agreement, 652-1, in paragraph 3.1,
18 there's a denial in the opening sentence that a litigation
19 class could be certified on the claims asserted. Well, that's
20 already been certified and that decision's been upheld on
21 appeal, I believe, hasn't it? The only issue on appeal here is
22 the merits decisions, I believe. So I'm not quite sure what
23 you mean by that.
24 In paragraph 9 of the settlement agreement, page 31,
25 paragraph 9.1(a), it says, "Right to terminate: Any party

1  shall each individually have the right to terminate the
2  settlement and this settlement agreement by providing written
3  notice of his, her, or its election to do so.  Termination
4  notice through counsel to all other parties hereto within 14
5  calendar days of any of the following occurrences,"
6  subparagraph A.
7           Then it says, "The District Court declines to grant
8  final approval of the settlement or the district court (or any
9  other court) requires material modification of the settlement
10 agreement, and the parties do not jointly agree to accept the
11 settlement agreement as judicially modified or are unable to
12 jointly agree to modify the settlement agreement for
13 resubmission to the District Court for approval."
14          What is "any other court;" what does that mean in
15 there?  And that's particularly difficult for me when I
16 consider the references to the bankruptcy proceedings.  And I
17 need to know what you're talking about there before I proceed
18 further with that.  And I would appreciate your being prepared
19 to address that.
20          I do not understand the part of the settlement
21 agreement that deals with the taxes.  If somebody -- and that's
22 in paragraph 34 -- excuse me; page 34, X, tax treatment of the
23 funds.  Could somebody please put that in English for me so I
24 understand what's going on?  I don't want to go back and look
25 at all those tax codes that you cite and the cases; can

1  somebody please help me and explain what that means?
2          The appeal in *Williams* and *Martorello* has been
3  vacated, as I understand page 36, paragraph 11.2; is that
4  correct?  It says, "On March 19, 2024, the parties shall
5  jointly move to stay the appeal in *Williams*...after Matt
6  Martorello files his reply brief."  Within ten days after the
7  effective date, they'll move to dismiss it.
8          Has the stay been granted?
9          MR. GUZZO:  Your Honor, this is Andrew Guzzo.  The
10 stay has been granted so that the appeal is fully briefed
11 before the Fourth Circuit.  And it remains in the same posture,
12 therefore --
13         THE COURT:  All right.
14         MR. GUZZO:  -- (inaudible) the *Williams* district
15 court litigation.
16         THE COURT:  All right.  And at 11.5, the Texas and --
17 and 11.6 -- the Eventide and the BWH bankruptcies have been
18 stayed as it pertains to this issue or not?  It says, upon
19 execution of the stipulation and agreement, you're going to
20 move for it.  Have those been done?
21         MR. GUZZO:  Your Honor, this is Andrew Guzzo again.
22 The bankruptcy litigation is stayed with respect to the
23 consumer borrowers, i.e., the class.  The case remains pending
24 and active because it also involves other matters unrelated to
25 the consumer borrowers.  What I mean by that is they were in

1    active litigation between Big Picture Loans, LLC and Eventide,
2    but the case is stayed with respect to the consumer borrowers,
3    and if final approval goes through and we hit the effective
4    date, the bankruptcy case will be dismissed just like all of
5    the other litigation.
6           THE COURT: All right. And I think those are the
7    questions as to which I would ask you to give me some
8    information. I rather much suspected I'd get the answers that
9    I have received on some of these, but I am interested in
10   getting you to brief the vacatur issue, please.
11          MR. GUZZO: And Your Honor, this is Andrew Guzzo
12   again. Just point of clarification, I think, from probably
13   everybody's perspective: What we had envisioned doing here is
14   moving to vacate the judgment simultaneously with the final
15   approval. We're happy to submit the briefing as Your Honor
16   requested; I think, showing you, if we get to that point, that
17   vacatur would be appropriate in this ruling.
18          But from the plaintiffs' perspective, Your Honor, we
19   certainly would not want the judgment vacated unless the
20   settlement received final approval. And so from our
21   perspective, that's why we had intended to submit the motion in
22   October with the final approval papers, not now with the
23   preliminary approval papers.
24          THE COURT: Oh, I think I got that. But you see, if
25   you read *Bancorp* and some of the cases that have ensued, you'll

1  see that the public has an interest in judicial decisions.
2  Once they're there, they're there.  And that's explained by
3  Justice Scalia in the *Bancorp* case.
4  　　　　　And so there really has to be a demonstration of
5  exceptional circumstances that take into account the public
6  interest before that can be accomplished, a vacatur can be
7  accomplished.  And what the message is is that settlement, just
8  because you provide it in your settlement agreement doesn't
9  necessarily mean that those requirements and requisites have
10  been met.  And I don't see them as established quite here.
11  　　　　　There is clearly illusion to them in the parts that
12  I've cited that mention exceptional circumstances, and I think
13  that is the test.  But I think it requires a fuller
14  explanation, mindful of not only *Bancorp* but the way that the
15  Fourth Circuit has dealt with that issue.
16  　　　　　I think Mr. Hammond determined on a quick look that
17  there's some 30 cases mentioning *Bancorp*.  I don't, at this
18  point, have any view on what's the driving one for a decision
19  for the facts presented by this case; I'll leave that to
20  you-all to chase that rabbit and give us some papers on it.
21  　　　　　My guess is, from what I've read in the papers and
22  heard you say, it is a matter as to which all of you have an
23  interest.  But if anybody wants to file separately, you can
24  file separately and you can file a joint paper; I don't care.
25  　　　　　All right.  And I needed to get you on the phone to

1  let you know where I stood on these things.  And I look forward
2  to working with you.  And I don't wish you to say in any way
3  that it's not appropriate to issue a vacatur in this case, but
4  I need to have the grounds for it firmly established so that I
5  do it right.
6           All right.  Is there any questions that you-all have
7  based on anything that I've raised?
8           MR. TALIAFERRO:  No, Your Honor.
9           MR. GUZZO:  Not from the plaintiffs.  Thank you.
10          THE COURT:  Do you want the transcript right way?
11          MR. GUZZO:  Yes, please.  This is Andrew Guzzo.  We
12 will take a copy.
13          THE COURT:  Well, if you take it right away, you take
14 it expedited.  I'm not trying to force you, but I want to know;
15 you don't have much time.
16          MR. GUZZO:  Yes, sir.  Yes, plaintiffs will order it
17 expedited.
18          THE COURT:  All right.  Anybody have anything else?
19 All right.  Thank you very much.
20       (Conference adjourned at 4:22 p.m.)

**CERTIFICATE**

I, Ruth A. Levy, RPR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/  Ruth A. Levy, RPR                     Date:  05/30/2024