**STIPULATION AND AGREEMENT OF SETTLEMENT**

## TABLE OF CONTENTS

Page

I.      RECITALS ................................................................................................. 1

II.     DEFINITIONS ......................................................................................... 6

III.    TERMS OF THE SETTLEMENT ....................................................... 11

IV.     RELEASE AND DISMISSAL ............................................................ 22

V.      NOTICE AND SETTLEMENT ADMINISTRATION ............................. 24

VI.     DISPUTE RESOLUTION .................................................................... 26

VII.    STAY OF PROCEEDINGS, PRELIMINARY APPROVAL ORDER,
        AND FINAL FAIRNESS HEARING ................................................... 27

VIII.   FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS 30

IX.     TERMINATION OF SETTLEMENT .................................................... 31

X.      TAX TREATMENT OF THE FUND ................................................... 34

XI.     MISCELLANEOUS PROVISIONS .................................................... 36

This Stipulation and Agreement of Settlement ("Agreement") is entered into by and between Defendants Matt Martorello, Rebecca Martorello, Eventide Credit Acquisitions, LLC ("Eventide"), and BWH Texas, LLC (with the inclusion of the terminated Bluetech Irrevocable Trust, "BWH Texas"), (collectively, "Defendants"), on the one hand, and Plaintiffs Lula Williams, Gloria Turnage, George Hengle, Dowin Coffy, Marcella P. Singh (as administrator of the estate of Felix M. Gillison, Jr.), Renee Galloway, Dianne Turner, Dominique de la Bay, Lori Fitzgerald, Andrea Scarborough, Earl Browne, Rose Marie Buchert, Regina Nolte, Kevin Minor, Teresa Titus, Burry Pough, Lisa Martinez, Sonji Grandy, Anastasia Sherman, Jerry Avent, Lucinda Gray, Anthony Green, Linda Madison, ~~Derek~~ Dennis Geter, Keisha Hamm, Faith Thomas, Sharon Paavo, Latanya Tarleton, Richard Smith, and Dana Duggan, on the other hand, on behalf of themselves and all other similarly situated individuals, and as representatives of the Settlement Class, as these terms are defined in Section II.

## I.      RECITALS

The following recitals are material terms of this Agreement, and all capitalized terms are used as defined in Section II, below, except as otherwise defined herein. This Agreement is made in contemplation of the following facts and circumstances:

WHEREAS, on June 22, 2017, Lula Williams, Gloria Turnage, George Hengle, Dowin Coffy, and Felix M. Gillison, Jr., filed a class action complaint against certain parties to this agreement in the United States District Court for the Eastern District of Virginia, Case No. 3:17-cv-461 (*Williams v. Big Picture Loans, LLC*) (the "*Williams* Action");

WHEREAS on June 11, 2018, Renee Galloway, Dianne Turner, Dominique de la Bay, Lori Fitzgerald, Andrea Scarborough, Earl Browne, Rose Marie Buchert, Regina Nolte, Kevin Minor, Teresa Titus, Burry Pough, Lisa Martinez, Sonji Grandy, Anastasia Sherman, Jerry Avent, Lucinda Gray, Anthony Green, Linda Madison, ~~Derek~~ Dennis Geter, Keisha Hamm, Faith Thomas, Sharon Paavo,

and Latanya Tarleton filed a class action complaint against certain parties in the United States District Court for the Eastern District of Virginia, Case No. 3:18-cv-406 (*Galloway v. Big Picture Loans, LLC*) (the "*Galloway I* Action");

WHEREAS on September 11, 2018, Richard Smith filed a class action complaint against certain parties in the United States District Court for the District of Oregon, Case No. 3:18-cv-01651 (*Smith v. Martorello*) (the "*Smith* Action");

WHEREAS on October 31, 2018, Dana Duggan filed a class action complaint against certain parties in the United States District Court for the District of Massachusetts, Case No. 1:18-cv-12277 (*Duggan v. Martorello*) (the "*Duggan* Action");

WHEREAS, on April 24, 2019, Renee Galloway, Dianne Turner, Dominique de la Bay, Lori Fitzgerald, Andrea Scarborough, Earl Browne, Rose Marie Buchert, Regina Nolte, Kevin Minor, Teresa Titus, Burry Pough, Lisa Martinez, Sonji Grandy, Anastasia Sherman, Jerry Avent, Lucinda Gray, Anthony Green, Linda Madison, ~~Derek~~ Dennis Geter, Keisha Hamm, Faith Thomas, Sharon Paavo, and Latanya Tarleton filed a class action complaint against certain defendants in the United States District Court for the Eastern District of Virginia, Case No. 3:19-cv-314 (*Galloway v. Martorello*) (the "*Galloway II* Action") (collectively, the *Williams* Action, the *Galloway I* Action, the *Smith* Action, the *Duggan* Action, and the *Galloway II* Action, are referred to as "the Actions");

WHEREAS, the Actions alleged various class claims for violations of various state and federal laws;

WHEREAS, Defendants deny any and all claims alleged by Plaintiffs in the Actions, further deny that any Plaintiffs or any members of the Settlement Class they purport to represent have suffered any injury or damage, and have to date vigorously defended against the Actions;

2

WHEREAS, Plaintiffs and Class Counsel have conducted an investigation of the legal claims at issue, by review and analysis of documents related to Defendants' respective roles in the alleged lending enterprise;

WHEREAS, Plaintiffs and Class Counsel have reviewed and processed, for the claims here, more than a million pages of documents in the original claims brought against Defendants, which documents formed the basis for Plaintiffs' allegations in the Actions;

WHEREAS, Plaintiffs and Class Counsel have concluded that it would be in the best interests of the Settlement Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure benefits to the Settlement Class and that the settlement contemplated hereby is fair, reasonable, adequate, and in the best interests of all members of the Settlement Class;

WHEREAS, Defendants deny all material allegations in the Actions; deny any jurisdiction in this Court save for purposes of enforcing this Settlement Agreement; deny any fault, wrongdoing, or liability whatsoever arising out of or related to their conduct; and affirmatively state that their conduct has been lawful and proper. Defendants deny that resolution of the merits of the Action is suitable for class treatment, and further deny liability to Plaintiffs or to others similarly situated, including all Settlement Class Members. Execution of this Settlement Agreement is not, and shall not be construed as, an admission of wrongdoing or liability by Defendants, an admission that Defendants violated any provision of federal, state, or tribal law, or an admission that Defendants concede that class treatment of the Action is appropriate. Defendants further deny that the lending activity of the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe") is subject to the laws and/or regulations of any State or in any way is unlawful. Defendants affirmatively state that the loans issued by Red Rock Tribal Lending, LLC

("Red Rock") and Big Picture Loans, LLC ("Big Picture" or "Big Picture Loans") are lawful, valid, and enforceable and provide a valuable lending option for some individuals;

WHEREAS, Defendant Matt Martorello affirmatively states that he believes in good faith that the loans are lawful based on advice and conduct of numerous legal counsel involved, through both privileged and non-privileged communications; the statements, actions, and collaborations of federal and state agencies regarding the Tribe's lending business and online tribal lending generally; the decision of the U.S. Court of Appeals for the Second Circuit in *Otoe-Missouria Tribe of Indians v. New York State Department of Financial Services*, 769 F.3d 105 (2d Cir. 2014); the district court decision in *FTC v. Payday Financial*, LLC, 935 F. Supp. 2d 926 (D.S.D. 2013); and several other factors, all of which inform his understanding today. He further states: (1) that, even though there was never any RICO enterprise, he withdrew from the Tribe's lending operation on January 26, 2016, when he sold Bellicose Capital to the Tribe and notified Tribe representatives that he would no longer provide support for their lending business; and (2) the sale was seller-financed through Eventide, and after that time, neither Eventide nor Mr. Martorello took any action outside of the Loan and Security Agreement—Eventide only received Tribal Economic Development, LLC's and Big Picture Loan's note payments on Bellicose Capital's sale to the Tribe, and Mr. Martorello acted only in his capacity as an Eventide executive. To that same end, on December 17, 2019, in *Eventide Credit Acquisitions, LLC v. Big Picture Loans, LLC et al.*, No. 2:19-cv-256 (W.D. Mich.), Eventide first sued Big Picture, Ascension Technologies, and Tribal Economic Development Holdings, LLC, for numerous defaults under the Loan and Security Agreement and has since brought claims against them, while Big Picture has instituted counterclaims of its own, in several other lawsuits;

WHEREAS, Defendants affirmatively state that Eventide has a lawful right to exercise its rights under the Loan and Security Agreement, including to collect and obtain payment from seizure of its collateral and/or from note payments stemming from that agreement and to distribute those proceeds to its members;

WHEREAS, Plaintiffs and Class Counsel have had numerous and exhaustive bilateral settlement negotiations with Defendants' counsel, including multiple mediations before then U.S. Magistrate Judge David Novak and Magistrate Judge Mark Colombell, as well as before a private mediator;

WHEREAS, the Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims that have been or could be brought by or on behalf of Plaintiffs or the Settlement Class relating to the conduct at issue in the Actions. This Agreement, related settlement negotiations, and any other facts surrounding the Agreement's entry by the Parties are inadmissible as evidence against any party for any reason except to enforce the terms of the Settlement, are not an admission of wrongdoing or liability on the part of any party to this Agreement, and are not an admission of any facts or other details set forth herein, except for the sole purpose of establishing a process for effectuating the terms of this Settlement; and

WHEREAS, the Parties have now reached a settlement of the Actions. The settlement also settles the litigation and proof of claims relating to the consumer borrowers filed in *In Re: Eventide Credit Acquisitions, LLC*, Case No. 9:23-bk-900007 (Bankr. N.D. Tex.), and in *In Re: BWH Texas, LLC*, Case No. 4:23-bk-43085 (Bankr. N.D. Tex.).

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, it is hereby STIPULATED AND AGREED, subject to the District Court's approval, that the Actions have been resolved upon and subject to the following terms and conditions:

## II.   **DEFINITIONS**

2.1   "Actions" means *Williams v. Big Picture Loans, LLC*, Case No. 3:17-cv-461 (E.D. Va.); *Galloway v. Big Picture Loans, LLC*, Case No. 3:18-cv-406 (E.D. Va.); *Smith v. Martorello*, Case No. 3:18-cv-01651 (D. Or.); *Duggan v. Martorello*, Case No. 1:18-cv-12277 (D. Mass.); *Galloway v. Martorello*, Case No. 3:19-cv-314 (E.D. Va.); *In Re: Eventide Credit Acquisitions, LLC*, Case No. 9:23-bk-900007 (Bankr. N.D. Tex.); and *In Re: BWH Texas, LLC*, Case No. 4:23-bk-43085 (Bankr. N.D. Tex.).

2.2   "CAFA Notice" refers to the notice made pursuant to the requirements imposed by 28 U.S.C. § 1715(b).

2.3   "Cash Award" means a cash payment to an eligible Settlement Class Member pursuant to Section 3.9(b).

2.4   "Class Counsel" means Kelly Guzzo PLC, Consumer Litigation Associates, P.C., Berger Montague PC, Terrell Marshall Law Group PLLC, Caddell & Chapman, and Gupta Wessler, LLP.

2.5   "Defendants" means the defendants named in the introductory paragraph of this Agreement.

2.6   "Direct Notice" means the notice that will be provided pursuant to Sections 5.3(a) and 5.3(b), subject to approval by the District Court, substantially in the form attached hereto as "Exhibit 1."

2.7   "District Court" means the United States District Court for the Eastern District of Virginia.

2.8   "Effective Date" means the date that the Final Approval Order entered in the *Galloway II* Action becomes final for all purposes because either (i) the Final Approval Order has been entered without material change to the Parties' agreed-upon proposed Final Approval Order as described in Section VIII, no objection was filed or if filed has been withdrawn, and the time within which an objection may be filed has lapsed; (ii) the Final Approval Order has been entered without material change to the Parties' agreed-upon proposed Final Approval Order as described in Section VIII, an objection was timely filed, but no appeal has been filed in accordance with Rule 4(a) of the Federal Rules of Appellate Procedure and the time within which an appeal may be noticed and filed has lapsed; or (iii) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of this Settlement without material change. The Effective Date shall not be affected by any appeal or other proceedings regarding solely an application for attorneys' fees and expenses or an application for service awards for the Class Representatives.

2.9   "Escrow Account" means the bank account owned and/or controlled by the Escrow Agent into which the Settlement Fund will be deposited. The Escrow Account shall be a trust account that is under the exclusive control of the Settlement Administrator.

2.10   "Escrow Agent" refers to Huntington Bank, N.A., or such other escrow agent selected by Class Counsel and approved by Defendants' counsel, such approval shall not be unreasonably withheld or conditioned.

2.11   "Final Approval Order" means the Final Approval Order and Judgment to be entered by the District Court in the *Galloway II* Action finally approving this Settlement and resolving all issues between the Parties, as provided for in Section VIII below.

2.12 "Final Fairness Hearing" means the hearing at which the District Court will consider and finally decide whether to approve this Settlement, enter Judgments, and make such rulings as are contemplated by this Settlement.

2.13 "Internet Notice" means notice through the Internet website created pursuant to Section 5.3(b) of this Agreement.

2.14 "Named Plaintiffs" means Lula Williams, Gloria Turnage, George Hengle, Dowin Coffy, Marcella P. Singh (as administrator of the estate of Felix M. Gillison, Jr.), Renee Galloway, Dianne Turner, Dominique de la Bay, Lori Fitzgerald, Andrea Scarborough, Earl Browne, Rose Marie Buchert, Regina Nolte, Kevin Minor, Teresa Titus, Burry Pough, Lisa Martinez, Sonji Grandy, Anastasia Sherman, Jerry Avent, Lucinda Gray, Anthony Green, Linda Madison, ~~Derek~~ Geter, Keisha Hamm, Faith Thomas, Sharon Paavo, Latanya Tarleton, Richard Smith, and Dana Duggan.

2.15 "NCOA" means the United States Postal Service's National Change of Address database.

2.16 "Parties" means Defendants and the Named Plaintiffs, on their own behalf and on behalf of the Settlement Class.

2.17 "Preliminary Approval Order" means the order to be entered by the District Court, as provided for in Section 7.2 below, substantially in the form attached hereto as "Exhibit 2."

2.18 "Released Claims" means for any Settlement Class Member who is sent a payment from the Settlement Fund, any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, common

law or equity, tribal law, foreign law, territorial law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Preliminary Approval Order, that relate to or arise out of loans made by and/or in the name of Red Rock or Big Picture from June 22, 2013 to May 1, 2024(with the sole exception of claims to enforce the Settlement or the Judgment). "Released Claims" for all other Settlement Class Members means their rights to bring a class action, collective action, or mass action against Released Parties based on any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether arising under federal law, state law, common law or equity, tribal law, foreign law, territorial law, contract, rule, regulation, any regulatory promulgation (including, without limitation, any opinion or declaratory ruling), or any other law, including Unknown Claims, whether suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Preliminary Approval Order, that relate to or arise out of loans made by and/or in the name of Red Rock or Big Picture from June 22, 2013 through May 1, 2024 (with the sole exception of claims to enforce the Settlement or the Judgment).

2.19 "Released Parties" means Matt Martorello, Rebecca Martorello, Justin Martorello, Eventide, BWH Texas, Liont, LLC, Gallant Capital, LLC, the RLM 2018 Family Trust, the Martorello 2018 Children's Trust, Martorello Investments, LP, the RLM Management Trust, the Capstone Irrevocable Trust, the Bluetech Irrevocable Trust, Martorello 2023 Children's Trust, BVNT Children's Trust 1, BVNT Children's Trust 2, BVNT Childrens, LLC, Vroom Trust,

Obsidian LLC, Capstone Holdings, LLC, Capstone Opportunities, LLC, GFLP Entity 1, LP, GFGP Entity 1, LP, Kairos Holdings, LLC, Promovere Inc., Braviant, LLC ("Braviant"), Woodside Special Opportunity PE Fund, LP, Promus Ventures II, LP, GreenKey Technologies, LLC, PV Rocket Labs I, LLC, Promus III, LP, PV Expansion Fund I, Dorado Analytics, LLC, and Lonnie Jeremy Davis, and any and all other persons, entities or trusts whether presently or previously in existence, that are directly or indirectly in any way now or heretofore owned by, controlled by, related to, or associated with the foregoing, together with any of their respective current, former or successor: parent companies, holding companies, subsidiaries, trusts, sub-trusts, trustees, beneficiaries, parents, guardians, children, estates, principals, protectors, grantors, settlors, officers, directors, agents, employees, attorneys, successors, affiliates, heirs, assignees, general partners, limited partners, managers, members, vendors, consultants, transferees, investors, creditors, accountants, insurers, and shareholders.

2.20 "Non-Released Parties" means  Big Picture Loans, the Tribe, Tribal Economic Development, LLC, Tribal Acquisition Company, LLC, Duck Creek Tribal Financial, LLC, Ascension Technologies, LLC, Amlaur Resources, Columbia Pipe & Supply Co., Timothy Arenberg, Terrance Arenberg, and DTA Trinity Wealth Transfer Trust, and, to the extent that any such interpretation does not include any Released Parties, any and all other persons, entities, or trusts, whether presently or previously in existence, that are directly or indirectly in any way now or heretofore owned by, controlled by, related to, or associated with the foregoing, together with any of their respective current, former or successor: parent companies, holding companies, subsidiaries, trusts, sub-trusts, trustees, beneficiaries, parents, guardians, children, estates, principals, protectors, grantors, settlors, officers, directors, agents, employees, attorneys, successors, affiliates, heirs, assignees, general partners, limited partners, managers, members,

vendors, consultants, transferees, investors, creditors, accountants, insurers, and shareholders.

2.21 "Settlement" means the settlement set forth in this Stipulation and Agreement of Settlement.

2.22 "Settlement Administrator" shall refer to American Legal Claims Services LLC, or such other Settlement Administrator selected by Class Counsel and approved by Defendants' counsel, such approval shall not be unreasonably withheld or conditioned.

2.23 "Settlement Class" means all persons within the United States who executed loan agreements with Red Rock or Big Picture from June 22, 2013 through May 1, 2024.

2.24 "Settlement Class Member" means a person in the Settlement Class who does not timely submit a valid request for exclusion from the Settlement Class.

2.25 "Settlement Fund" means the total sum of $65,000,000.00 (sixty-five million dollars) to be paid to the Escrow Agent as provided for in Section 3.4 of this Agreement, inclusive of payments to Settlement Class Members, attorneys' fees and costs, service awards to Named Plaintiffs, and costs of notice and administration.

2.26 "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any other Settlement Class Member does not know or suspect to exist in her, his, or its favor at the time of the release of the Released Parties, which if known by him, her, or it might have affected her, his, or its decision(s) with respect to the Settlement, including the decision to seek exclusion from or object to the Settlement.

## III.   TERMS OF THE SETTLEMENT

3.1 <u>Class Certification.</u> Defendants dispute that a class would be manageable and further deny that a litigation class could be certified on the claims asserted in the Actions. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the District Court's certification of the Settlement Class for purposes of this Settlement

only. No agreements made by Defendants in connection with this Agreement may be used by Plaintiffs, any Settlement Class Member, or any other person, to establish any of the elements of liability or class certification in this or any other proceeding. Preliminary certification of a Settlement Class for settlement purposes shall not be deemed a concession that certification of a class is appropriate, nor are the Released Parties estopped or otherwise precluded from challenging class certification in further or other proceedings if this Settlement is not finally approved.

 3.2 <u>Definition of the Settlement Class.</u> Solely for the purposes of this Settlement, the Parties agree to preliminary certification of the following Settlement Class:

> All persons within the United States who executed loan agreements with Red Rock or Big Picture Loans from June 22, 2013through May 1, 2024.

Excluded from the Settlement Class are Class Counsel and their immediate family members and staff, and all judges and justices of the United States District Court for the Eastern District of Virginia, the United States Court of Appeals for the Fourth Circuit and the Supreme Court of the United States, as well as their immediate family members and staff.

 Certification of the Settlement Class will be sought pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members shall have the right to exclude themselves by way of the opt-out procedure set forth in Section 7.3 of this Agreement and the Preliminary Approval Order.

 3.3 <u>Identification of the Settlement Class and Eligibility for Cash Award.</u> The Parties agree to use the Class List used in *Galloway v. Williams, Jr.*, Case No. 3:19-cv-470 (E.D. Va.), as well as to obtain an update to the Class List pursuant to Paragraph 6.3 of the Class Action Settlement Agreement and Release.

 3.4 <u>Settlement Consideration.</u> Pursuant to this Agreement, as full and complete consideration for the releases set forth below, the settlement consideration shall be a total sum of

$65,000,000.00 (sixty-five million dollars) to be paid to the Escrow Agent ███████████████

████████████████████████████████

     3.5 <u>Trustee Engagement</u>. Defendants Matt and Rebecca Martorello agree ██████████

████████████████████████████████

█████████████████████████████████████████ for the

purpose of creating the Settlement Fund. ██████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████ If █

████████████████████████ this Stipulation and Agreement of Settlement shall be

void and all Actions shall proceed. ████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████





3.11   Payment from the Escrow Agent. Upon the Effective Date, the Escrow Agent shall immediately distribute the Settlement Fund (and all interest earned on such funds) to be administered and distributed by the Settlement Administrator. Upon payment or transfer of the Settlement Fund to the Settlement Administrator, the Escrow Agent shall be discharged from all duties.

3.12   Distribution by Settlement Administrator. The Settlement Administrator shall then distribute the Settlement Fund in the following order: First, to pay costs of notice and administration; second, to pay service awards to Named Plaintiffs approved by the District Court,

16

and attorneys' fees and costs awarded by the District Court; and third, to pay Cash Awards.

    a.    Distributions to the Settlement Class. Cash Awards shall be calculated and distributed to Settlement Class Members as follows:

        Tier 1: All payments made by Settlement Class Members in Arizona, Arkansas, Colorado, Connecticut, Idaho, Illinois, Indiana, Kansas, Kentucky, Massachusetts, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Pennsylvania, Ohio, South Dakota, Vermont, Virginia, and Wisconsin so long as the Settlement Class Member paid the principal amount of his or her loan.

        Tier 2: Payments made above the legal limits for Settlement Class Members in Alabama, Alaska, California, Delaware, Florida, Georgia, Hawaii, Iowa, Louisiana, Maine, Maryland, Michigan, Mississippi, Missouri, Nebraska, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Washington, West Virginia, Washington D.C., and Wyoming.

        Tier 3: Settlement Class Members in Nevada and Utah will not receive cash payments.

    b.    Distributions to the Settlement Class. Cash Awards shall be calculated and distributed to the Settlement Class Members as follows:

        1.    *Pro Rata* Calculations. Each Settlement Class Member who repaid the principal amount borrowed and is in Tier 1 or Tier 2, shall be entitled to a Cash Award based on a *pro rata* calculation. After calculation, Cash Awards shall be rounded down to the nearest

cent. Cash Awards will be paid to Settlement Class Members only if their calculated Cash Award is equal to or greater than two dollars ($2.00). For Settlement Class Members who took out more than one loan during the class period, their Claim Amount shall be calculated by determining the Claim Amount for each loan and adding them together

2.  Payment of Cash Awards. Within 60 days after the Effective Date, the Administrator shall mail to each Settlement Class Member a check in the amount of such Settlement Class Member's Cash Award at the most recent address shown in the Tribal Officials' electronic records or identified by the Administrator using the NCOA or any equivalent database, or to any updated address provided by the Settlement Class Member to the Administrator. Settlement Class Members shall be advised that the checks must be deposited or cashed within ninety (90) days of the postmarked date. On the forty-fifth (45th) day following the mailing of all Cash Awards, the Administrator shall email all Settlement Class Members receiving a Cash Award a reminder to cash the check. After ninety (90) days from the date of mailing, each Cash Award check shall become void.

3.  Remaining Funds. After the void date has passed, the Parties and the Administrator shall confer regarding the disposition of uncashed settlement payments. Specifically, the Parties and the

18

Administrator shall determine whether it is reasonable and feasible to make a second distribution to Settlement Class Members who cashed their initial checks. If it is determined by the Parties and the Administrator that it is reasonable and feasible, the Settlement Administrator shall distribute the remaining Fund using the same procedure detailed in Sections 3.12(a)–(b), except that second distribution payments shall not be made in amounts less than ten dollars ($10.00) to those Class Members who cashed their first check. If any residual funds remain in the Fund after the second distribution, then such residual funds shall be paid, with the approval of the District Court pursuant to the *cy pres* doctrine, to the Legal Aid Justice Center.

c.     Monthly Reports Regarding Distribution of Settlement Fund. The Administrator will provide monthly reports to the Parties on the distribution of the Fund until such time as the Fund is fully paid to eligible recipients and depleted or distributed as set forth in this Section 3.12(a)–(b) and Section 5.2. The Administrator also shall notify counsel to the Parties in writing when settlement administration has been completed.

3.13     Named Plaintiffs' Service Awards. No later than thirty (30) days before the Final Fairness Hearing, Plaintiffs will apply to the District Court for Named Plaintiffs' service awards to each of the Class Representatives in *Williams*; to each of the Class Representatives in the *Galloway* matters; and to each of the Class Representatives in the *Smith* and *Duggan* matters. The requested service awards shall not exceed $20,000 per Class Representative and any

19

applications for service awards shall take into account the Class Representative's contribution to the litigation including but not limited to whether the Class Representative has responded to discovery, been deposed, committed to testifying at trial, served on the creditor's committee, or was offered and declined an amount to settle any of these matters on an individual basis. The Named Plaintiffs' service awards will be paid from the Settlement Fund in the amounts approved by the District Court. The Settlement is not conditioned upon the District Court's approval of the service awards sought by Named Plaintiffs. The service awards, if any, shall be paid to Named Plaintiffs no earlier than the Effective Date and no later than ten (10) days after the Effective Date. Defendants agree not to oppose Named Plaintiffs' request for service awards.

3.14    Attorneys' Fees and Costs. No later than thirty (30) days before the Final Fairness Hearing, Class Counsel will apply to the District Court for an award of attorneys' fees and costs. Such attorneys' fees and costs will be paid from the Settlement Fund in an amount not to exceed one-third of the Settlement Fund—as approved by the District Court. The Settlement is not conditioned upon the District Court's approval of the attorneys' fees and costs sought by Class Counsel. The award of attorneys' fees and costs, if any, shall be paid to Class Counsel no earlier than the Effective Date and no later than ten (10) days after the Effective Date. Defendants agree not to oppose Class Counsel's request for attorneys' fees and costs. Regardless of Class Counsel's requests, and the District Court's approval, for fees and costs, under no circumstances shall Defendants or Released Parties be required to pay monetary or other consideration above their respective contributions to the Settlement Fund, as set forth in Section 3.4.

3.15    Injunctive Relief. After Final Approval of the Settlement, Defendants agree not to provide any services to Big Picture or its successors-in-interest in any form, including but not limited to any investment and capital management services, management, operations, or marketing

consulting. Defendants agree that they will not participate or assist in the marketing, origination, or collection of any loans made by Big Picture, including any attempted collections by third parties, as of the Effective Date. Defendants further state that they have never, directly or indirectly, taken any of these actions relating to Big Picture. Nothing in this provision or Agreement limits or prevents Eventide from collecting or attempting to collect on, or enforcing its rights under, the Promissory Note and Loan and Security Agreement (the "Note") dated September 18, 2020, between Eventide and Big Picture, whether directly or through Eventide's or BWH Texas's bankruptcy proceedings.

3.16    Stipulation as to Rebecca Martorello. The Parties stipulate and agree that Defendant Rebecca Martorello resigned from Bellicose in 2013 and never had any substantive or non-ministerial role in that company, Eventide, their management companies, or, more broadly, the tribal-lending servicing industry. The parties further stipulate and agree that Rebecca Martorello: (1) had no control over, influence on, or involvement with Big Picture or Red Rock's loan terms, agreements, processes, or operations; (2) she had no role in either Big Picture's or Red Rock's lending operations; and (3) she had no involvement, directly or indirectly, in issuing, servicing, or collecting on any of Plaintiffs' or other Settlement Class members' loans. This stipulation will not take effect until the Effective Date.

3.17    Costs of Notice and Administration. Except as provided in Section 3.19, all costs of notice and administration are to be paid from the Settlement Fund. Defendants will not be responsible for payment of any additional costs of notice and administration beyond or separate from the amount each Defendant is required to contribute to the Settlement Fund.

3.18    Total Payments by Defendants. In no event shall Defendants be required to pay any more than the amounts in Section 3.4, inclusive of (i) the amount of the Settlement Fund as

monetary consideration to the Settlement Class; (ii) notice and administration costs and expenses; (iii) Class Counsel's attorneys' fees and/or litigation costs; (iv) Named Plaintiffs' service awards; and (v) any other fees or costs associated with this Settlement. Defendants Matt and Rebecca Martorello shall bear the responsibility to send the CAFA notice to the appropriate federal and state governments at its or their own expense.

3.19 <u>Advance of Costs of Notice and Administration.</u> Defendant Matt Martorello agrees to advance the costs of notice and administration necessary to provide notice of this Settlement to the Settlement Class in accordance with Section 5.3. He agrees to advance up to a maximum of $250,000.00 to  advance the costs of notice and administration necessary to provide notice of this Settlement to the Settlement Class. He further agrees to transfer $150,000.00 to the Escrow Account by April 1, 2024, and the remaining $100,000.00 in increments of $50,000 on July 1, 2024 and August 1, 2024, respectively. The funds are to be used solely to provide notice of this Settlement to the Settlement Class. Any unused amount shall be documented by the Settlement Administrator. Such advanced payment(s) shall be reimbursed by the $65 million due to be paid into the Settlement Fund, but are otherwise not recoverable from the Plaintiffs or Settlement Class. If additional amounts are required, the parties agree to submit the issue to United States Magistrate Judge Colombell for resolution.

## IV.   **RELEASE AND DISMISSAL**

4.1   <u>Release</u>. Following payment in full of the Settlement Fund, Plaintiffs and each Settlement Class shall be deemed to have fully, finally, and forever released and discharged the Released Parties from the Released Claims.

4.2   <u>Released Claims</u>. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Releasing Plaintiffs shall expressly have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived

22

and relinquished any and all provisions, rights, and benefits conferred by any law or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement Agreement, but that they release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts. Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement. Plaintiffs and each Settlement Class Member further covenant and agree that they will not sue or bring any action or cause of action, including by way of third-party claim, crossclaim, or counterclaim, against any of the Released Parties in respect of any of the Released Claims; they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties in respect of any of the Released Claims; if involuntarily included in any such class action,

they will use their best efforts to withdraw therefrom; and they will not assist any third party in initiating or pursuing a class action suit in respect of any of the Released Claims.

      4.3   Scope of Release. The releases described in Sections 4.1 and 4.2 shall apply to and bind Named Plaintiffs and all Settlement Class Members as of the Effective Date of this Settlement. The scope of the release will not apply to future conduct of Defendants after the Preliminary Approval Order is filed, except that Plaintiffs, the Settlement Class, and Class Counsel agree that nothing in this provision or Agreement limits or prevents Eventide from collecting or attempting to collect on, or enforcing the rights that it may assert under the Note, whether directly or through Eventide's or BWH Texas's bankruptcy proceedings.

      4.4   Dismissal. Provided that the Final Approval Order is entered, the Parties shall work together to file stipulations or other appropriate documents requesting dismissal of the Actions between Plaintiffs and Defendants with prejudice within ten (10) days of the Effective Date.

### V.    NOTICE AND SETTLEMENT ADMINISTRATION

      5.1   Settlement Administrator. Subject to approval by the District Court, the Settlement Administrator shall be responsible for administering the Settlement in accordance with this Agreement and applicable orders from the District Court. The Settlement Administrator may disburse money from the Fund only in accordance with this Agreement and applicable orders of the District Court. The actions of the Settlement Administrator shall be governed by the terms of this Agreement. The Parties shall provide information reasonably requested by the Settlement Administrator pursuant to this Agreement.

      5.2   Costs of Notice and Administration. Subject to Section 3.19, the costs of notice and administration shall be paid entirely from the Settlement Fund.

5.3   <u>Class Notice</u>. Notice consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure shall be provided within thirty (30) days following entry of the Preliminary Approval Order:

a.      Direct Notice, substantially in the form attached hereto as Exhibit 1 or as modified by the District Court with the consent of all Parties, will be sent via electronic mail (email) to prospective Settlement Class Members within thirty (30) days after the date of entry of the Preliminary Approval Order at the most recent email address in the Settlement Administrator's electronic records. Direct Notice, substantially in the form attached hereto as Exhibit 1, or as modified by the District Court with the consent of all Parties, will be mailed via first class mail to prospective Settlement Class Members whose email notice results in a bounce-back email. Mailing addresses will be run once through the NCOA, or any other postal address verification database that the Settlement Administrator deems proper, prior to mailing. Returned Direct Notices will be re-mailed if they are returned within twenty (20) days of the postmark date of the Direct Notice and contain a forwarding address. No further emailed or mailed notice shall be required except as otherwise expressly provided herein.

b.      The Settlement Administrator will establish and continue to maintain an Internet site on which will be posted the Direct Notice as well as the Class Action Complaints; this Agreement; any motions and memoranda seeking approval of this Settlement, approval of attorneys' fees and costs, or approval of Named Plaintiffs' service awards; any orders of the District Court relating to this Settlement; and any other information the Parties agree is necessary and appropriate. The Direct Notice

shall direct recipients to the location of the Internet site. The website shall make available a form that allows Settlement Class Members to update their mailing addresses; Settlement Class Members may also contact the Settlement Administrator by telephone or mail to update their mailing addresses. Within thirty (30) days after entry of the Preliminary Approval Order, the website shall allow settlement Class Members to determine whether or not they are eligible for a Cash Award by entering their unique identifier (provided on the Direct Notice or available by calling the Settlement Administrator) and last name. The website shall be updated with this Settlement information within five (5) days after entry of the Preliminary Approval Order and shall remain active until Class Counsel deems it is appropriate to terminate the website.

c.        The Parties shall have the right to audit the work of the Settlement Administrator at any time.

d.        At Defendants' request, the Settlement Administrator shall provide the disclosures necessary for Defendants' compliance with the notice provisions of the CAFA.

5.4    Certification to the District Court. No later than twenty-one (21) days before the Final Fairness Hearing, the Settlement Administrator and/or its designees shall file a declaration with the District Court verifying that notice has been provided to the Settlement Class in accordance with this Agreement and the Preliminary Approval Order as entered by the District Court.

## VI.    DISPUTE RESOLUTION

6.1    Dispute Resolution. The Parties agree to meet and confer in good faith in regard to any dispute relating to this Settlement or to administration of this Settlement. Any dispute that

cannot be resolved by the Parties shall be submitted, not earlier than thirty (30) days after written notice of the dispute was first given, to U.S. Magistrate Judge Mark Colombell for a decision. Judge Colombell's decision will be final and not appealable.

## VII.   STAY OF PROCEEDINGS, PRELIMINARY APPROVAL ORDER, AND FINAL FAIRNESS HEARING

7.1   <u>Stay of Proceedings.</u> Upon the execution of this Settlement Agreement, the Parties will jointly move for a stay of the Actions and their placement in abeyance, except that the Eventide bankruptcy proceeding, *In Re: Eventide Credit Acquisitions, LLC*, Case No. 9:23-bk-900007 (Bankr. N.D. Tex.), and the BWH Texas bankruptcy proceeding, *In Re: BWH Texas, LLC*, Case No. 4:23-bk-43085 (Bankr. N.D. Tex.), will move forward as they relate to all matters other than the consumer borrowers' proofs of claim.

7.2   <u>Preliminary Approval Order.</u> Class Counsel will seek the District Court's approval of this Settlement by filing an appropriate Motion for Preliminary Approval and seeking entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit 2. Class Counsel shall not seek preliminary approval of this Settlement until May 21, 2024.

7.3   <u>Opt-Out/Requests for Exclusion from Settlement.</u>

a.   <u>Requests for Exclusion.</u> Prospective Settlement Class Members shall be given the opportunity to opt out of the Settlement Class. All requests by prospective Settlement Class Members to be excluded must be in writing and mailed to the Settlement Administrator. All Settlement Class Members will have at least forty-five (45) days after entry of the Preliminary Approval Order to opt out of the Settlement. An appropriate written request for exclusion must be personally signed by the Settlement Class Member and must include: (i) the name of this case; (ii) the Settlement Class Member's name, address and telephone number; and (iii) the

following statement: "I request to be excluded from the class settlement in this case." No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

b.  <u>Delivery to Parties/Filing with District Court.</u> The Settlement Administrator shall provide copies of the original requests for exclusion to the Parties by no later than five (5) days after the opt-out deadline. Not later than twenty-one (21) days before the Final Fairness Hearing, the Settlement Administrator shall file with the District Court a declaration that lists all of the opt-outs received.

c.  <u>Effect.</u> All prospective Settlement Class Members who timely exclude themselves from the Settlement Class will not be eligible to receive any consideration pursuant to this Settlement and will not be bound by any further orders or judgment in the Actions, and will preserve their ability to independently pursue any individual claims they may have against the Released Parties. In the event of ambiguity as to whether a Settlement Class Member has requested to be excluded, the Settlement Class Member shall be deemed not to have requested exclusion.

7.4  <u>Objections to Settlement.</u>

a.  <u>Right to Object.</u> Any Settlement Class Member who has not previously opted out as provided in Section 7.3 may appear at the Final Fairness Hearing(s) to argue that the proposed Settlement should not be approved, to oppose the application of Class Counsel for an award of attorneys' fees and costs, and/or to oppose the service awards to Named Plaintiffs. Any Settlement Class Member who

28

wishes to object to the Settlement must file a written objection with the District Court no later than the date specified by subsection (b) of this Section. Settlement Class Members who fail to timely file and serve written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

b.      Deadline. Any such objection must be filed in the District Court in writing. Settlement Class Members will have at least forty-five (45) days after entry of the Preliminary Approval Order to object to the Settlement. Notwithstanding this deadline, objections solely as to attorneys' fees or service awards may be made no later than fourteen (14) days after the filing of a motion for the award of attorneys' fees and/or service awards.

c.      Content of Objections. All objections must include: (i) the name of this case; (ii) the objector's name, address, email address and telephone number; (iii) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (iv) any factual basis and legal grounds for the objection to the Settlement; (v) the name of counsel for the objector (if any), including any former or current counsel who may seek compensation for any reason related to the objection to the Settlement, the fee application, or the application for service awards; and (vi) whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel. Counsel representing an objecting Settlement Class Member must enter an appearance in this case. No *pro se* objection shall be rejected merely because it does not fully comply with these instructions.

d.      The right to object to the Settlement must be exercised individually by a Settlement Class Member or through his or her counsel, and not *en masse* or as a member of a group, class or subclass.

## VIII.   FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS

8.1     Final Approval Order. On a date to be set by the District Court, Plaintiffs will petition the District Court to enter the Final Approval Order in the Consolidated Action in a form that the Parties propose to the District Court which will provide:

a.      That the case, for purposes of this Settlement, may be maintained as a class action on behalf of the Settlement Class;

b.      That Named Plaintiffs fairly and adequately represent the interests of the Settlement Class;

c.      That Class Counsel fairly and adequately represent Plaintiffs and the Settlement Class;

d.      That the Direct Notice and Internet Notice satisfy the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws;

e.      That the Settlement is fair, reasonable and adequate to the Settlement Class and that each Settlement Class Member shall be bound by the Settlement, including the releases contained in Section IV above;

f.      That the Settlement represents a fair resolution of all claims asserted on behalf of the Settlement Class and fully and finally resolves all such claims;

g.      That this Settlement should be, and is, approved;

h.      The amounts of the attorneys' fees, costs, and Named Plaintiffs' service awards;

i.      Confirmation of the opt-outs, if any, from the Settlement;

j.      Overruling of objections, if any;

k.      Dismissal, on the merits and with prejudice, of all claims and an injunction prohibiting all Settlement Class Members or their representatives or proxies from bringing, joining, or continuing to prosecute the Released Claims against any of the Released Parties and entering judgment thereon; and

l.      Retention of jurisdiction over all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

## IX.   TERMINATION OF SETTLEMENT

9.1   <u>Right to Terminate.</u> Any Party shall each individually have the right to terminate the Settlement and this Settlement Agreement by providing written notice of his, her, or its election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of any of the following occurrences:

a.      The District Court declines to grant Final Approval of the Settlement, or the District Court (or any other court) requires material modifications of the Settlement Agreement, and the Parties do not jointly agree to accept the Settlement Agreement as judicially modified or are unable to jointly agree to modify the Settlement Agreement for resubmission to the District Court for approval; or

b.      The Settlement Fund is not paid as set forth above within the period required.

9.2   <u>No Force and Effect.</u> If any Party terminates this Settlement Agreement, the Settlement Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, and any orders entered by the District Court in connection with this Settlement

Agreement shall be vacated. In the event of termination of the Settlement, nothing in this Agreement, related settlement communications, ███████████████████████████ or filed in connection with seeking approval of the Settlement shall be construed as an admission or concession of any kind, including but not limited to any fault, wrongdoing, or liability, nor are the Released Parties estopped or otherwise precluded from challenging any of the allegations in further proceedings in the Actions or any other action. Moreover, the Parties and the Released Parties shall be deemed to have preserved all of their rights or defenses as of the dates that Plaintiffs initiated the Actions and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the Settlement Class. Likewise, in the event that this Settlement is approved without material modification by the District Court, but is later reversed or vacated on appeal, each of the Parties shall have the right to withdraw from this Settlement and return to the *status quo ante* as of the dates that the Actions were stayed for all litigation purposes, as if no agreement had been negotiated or entered into, and the Parties shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the Settlement Class. This provision survives termination of the Settlement Agreement.

9.3    If the Settlement is terminated or not approved by the District Court, the Effective Date does not occur, or the Settlement otherwise fails for any reason:

> a.    The Settlement Administrator shall refund by wire transfer or check the amounts paid into the Settlement Fund (including the accrued interest thereon), in accordance with instructions provided by the trustee, within five (5) business days after the Settlement is terminated, the Settlement is not approved by the District Court and the 30-day meet-and-confer period covered in subsection (b) below ends

without an agreement, the Effective Date does not occur, or the Settlement otherwise fails for any reason. This shall not include any funds paid pursuant to Section 3.19;

b.     The Parties agree to work collaboratively to effectuate this Settlement. If for some reason it is not possible to do so, the Parties will work together in good faith to modify the terms herein as necessary, upon the Parties' agreement, to effectuate the Settlement Agreement. In the event the District Court disapproves or sets aside this Settlement Agreement or any material part hereof for any reason, then the Parties shall request that the Actions continue to be stayed for a period of thirty (30) days to allow the Parties to meet and confer in good faith with regard to how to address any questions raised and/or changes required by the District Court, including whether to accept the Agreement as modified by the District Court or modify the Agreement for resubmission to the District Court for approval. The Parties may agree by stipulation executed by counsel to modifications of the Exhibits to this Settlement Agreement to effectuate the purpose of this Settlement Agreement and/or to conform to guidance from the District Court with regard to the contents of such Exhibits without need for further amendment of this Settlement Agreement. Any such stipulation shall be filed with the District Court.

9.4   Right to Withdraw for Excessive Opt-Outs. If the number of Settlement Class Members who request exclusion exceeds five percent (5%) , any one of the Defendants may withdraw from this Agreement in his, her, or its sole discretion, and Plaintiffs and such withdrawing Defendant(s) shall be returned to the *status quo ante* as to such withdrawing Defendant(s) as of the time that Plaintiffs initiated the Action for all litigation purposes, as if no settlement had been negotiated or

entered into with such withdrawing Defendant(s). If one or more of the Defendants exercises this right to withdraw from this Agreement, it shall provide Class Counsel with written notice of this election no later than ten (10) days after the opt-out deadline. The withdrawal of a Defendant from this Settlement pursuant to this section shall not affect the Settlement's validity, enforceability, or terms as to the remaining Parties.

## X.   TAX TREATMENT OF THE FUND

10.1   The dollar amounts of the Fund held in the Escrow Account shall be deemed to be in the custody of the District Court until the Effective Date. After that date, the funds in the Escrow Account shall belong to the beneficiaries of the Settlement, for the payment of attorney's fees and costs, taxes (if any), Plaintiffs' service awards, and funding of Cash Awards to Settlement Class Members. Such funds shall not escheat and shall remain subject to the jurisdiction of the District Court until such time as the money in the Fund shall be disbursed pursuant to the terms of this Agreement, or further Order of the District Court.

10.2   The Fund shall be established and maintained in accordance with Treasury Regulation §1.468B-1 *et seq.* by the Settlement Administrator subject to the terms of this Agreement and the District Court's preliminary and final approval orders. The Parties agree that the Escrow Account is intended to be maintained as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. The Settlement Administrator shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the sole responsibility of the Settlement Administrator to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such

actions as may be necessary or appropriate to cause the appropriate filing(s) to occur.

        a.      For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be the Settlement Administrator, who shall be responsible for timely and properly filing, or causing to be filed, all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Fund deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Those tax returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on income earned on the Funds deposited in the Escrow Account (if any) shall be paid out as provided in this Agreement. Notwithstanding this obligation, the Parties agree that the Fund will not earn income.

        b.      All Taxes shall be paid by the Escrow Agent out of the Settlement Fund.

        c.      Taxes (if any) shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Fund without prior order from the District Court, and the Escrow Agent and the Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to eligible Settlement Class Members any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(1)(2)).

        d.      Settlement Class Members shall provide any and all information that the

Settlement Administrator may reasonably require or that is required by applicable law regarding Taxes and filings and reporting for Taxes, before any distributions are made to Settlement Class Members as contemplated hereby, and the Settlement Administrator may, without liability to the Settlement Class Members, delay those distributions unless and until such information is provided in the form required by the Settlement Administrator. The Settlement Administrator shall take all reasonable steps to minimize the disclosure and submission burden on Settlement Class Members.

10.3 Upon written mutual agreement and subject to Court Approval by Magistrate Judge Colombell, the Parties will allow for reasonable modifications to the deadlines in this Settlement Agreement to promote tax efficiency for the Settlement Fund, whether before or after it is deposited into the Escrow Account.

## XI.    MISCELLANEOUS PROVISIONS

11.1    Vacatur. The parties agree that this Settlement is conditioned upon the vacatur of the Final Judgment Order dated September 22, 2023, ECF No. 1407, in the *Williams* Action. If the judgment is not vacated by the Effective Date, this Stipulation and Agreement of Settlement shall be void. The Parties agree that exceptional circumstances exist justifying vacatur here: (1) the settlement will permanently end years-long litigation in many cases in the Eastern District of Virginia, the U.S. Court of Appeals for the Fourth Circuit, and across the country; (2) the vacatur will impact no third parties; (3) all parties to the settlement desire vacatur because settlement would otherwise be impossible; and (4) this settlement serves the public interest by making available a significant amount of previously committed judicial resources to deal with other matters, advancing the efficiency of the federal courts.

11.2    Fourth Circuit Appeal. On March 19, 2024, the Parties shall jointly move to

36

stay the appeal in *Williams v. Martorello*, Case No. 23-2097 (4th Cir.) after Matt Martorello files his reply brief. Within ten (10) days after the Effective Date, the Parties shall jointly move to dismiss the appeal as moot.

11.3    *Smith* Action. Upon the execution of this this Stipulation and Agreement of Settlement by all Parties, Defendants and Plaintiff Smith shall jointly move to stay the *Smith* Action. Within ten (10) days after the Effective Date, those parties shall jointly move to dismiss the *Smith* Action with prejudice.

11.4    *Duggan* Action. Upon the execution of this this Stipulation and Agreement of Settlement by all Parties, Defendants and Plaintiff Duggan shall jointly move to stay the *Duggan* Action. Within ten (10) days after the Effective Date, those parties shall jointly move to dismiss the *Duggan* Action with prejudice.

11.5    *Eventide* Bankruptcy. Upon the execution of this this Stipulation and Agreement of Settlement by all Parties, the Parties shall jointly move to stay the *Eventide* bankruptcy case as to the consumer borrowers' interests in the bankruptcy and their proofs of claims. Upon the Effective Date, all matters relating to the consumer borrowers in the *Eventide* bankruptcy case shall be dismissed.

11.6    *BWH Texas* Bankruptcy. Upon the execution of this this Stipulation and Agreement of Settlement by all Parties, the Parties shall jointly move to stay the *BWH Texas* bankruptcy case as to the consumer borrowers' interests in the bankruptcy and their proofs of claims. Upon the Effective Date, all matters relating to the consumer borrowers in the *BWH Texas* bankruptcy case shall be dismissed.

11.7    Further Assurance. Each of the Parties shall execute all documents and perform all acts required by the terms of this Agreement.

37

11.8 <u>No Admission of Liability.</u> It is expressly recognized and accepted by Plaintiffs that the Released Parties deny any liability and that Defendants are settling solely to avoid the cost and inconvenience of litigation.

11.9 <u>Evidentiary Preclusion.</u> Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission or evidence in any way other than to support this Settlement and Agreement, including but not limited to: (a) an admission of, or evidence of, the validity of any claim, or of any wrongdoing or liability of the Released Parties; or (b) any fault or omission of the Released Parties in any proceeding, including but not limited to any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. In addition, except for purposes of demonstrating the validity of this Agreement or its terms, neither the fact of, nor any documents relating to, any Defendant's withdrawal from the Agreement, any failure of the District Court to approve the Agreement, and/or objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file this Agreement and/or Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, dismissal, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. This provision survives termination of the agreement.

11.10 <u>Entire Agreement.</u> This Agreement constitutes the entire agreement between and among the Parties with respect to the Settlement of the Actions. This Agreement supersedes all prior negotiations and agreements with respect to the Parties. The Parties, and each of them, represent and warrant that no other party or any agent or attorney of any of the Parties has made

any promise, representation, or warranty whatsoever not contained in this Agreement and the other documents referred to in this Agreement to induce them to execute the same. The Parties, and each of them, represent and warrant that they have not executed this Agreement, or the other documents referred to in this Agreement, in reliance on any promise, representation or warranty not contained in this Agreement and the other documents referred to in this Agreement.

11.11  <u>Confidentiality.</u> Subject to order of the District Court, any and all drafts of this Agreement and other settlement documents relating to the negotiations between the Parties will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary and/or final court approval. This provision will not prohibit the Parties from submitting this Agreement to the District Court in order to obtain preliminary and/or final approval of the settlement.

11.12  <u>No Public Statement.</u> No Party or counsel for a Party shall issue or cause to be issued any press release or other media statement regarding the Settlement. This provision is not intended to limit communications between Settlement Class Counsel with any client, Settlement Class Member, or other person involved in this case. Nor is this provision intended to limit communications by Defendants with their employees, shareholders, trustees, protectors, grantors, settlors, or beneficiaries.

11.13  <u>Non-Solicitation/Representation.</u> Class Counsel represents and warrants that they will not solicit or suggest, directly or indirectly, personally or through other actions, other lawyers, law firms, nonprofit entities, or governmental or regulatory authorities the filing of new actions against any of the Released Parties. Class Counsel also expressly represents and warrants that they will not represent any members of the Settlement Class who opt-out against the Released Parties. This provision does not prohibit Class Counsel from representing Plaintiffs or the

Settlement Class in disputes relating to this Settlement or to administration of this Settlement.

11.14 <u>Released Parties' Ability to Defend.</u> The Parties and Class Counsel agree that nothing in this Settlement or Settlement Agreement prevents the Released Parties from raising any factual or legal argument in any later action, lawsuit, arbitration, or other proceeding in any jurisdiction, venue, or forum.

11.15 <u>Successors and Assigns.</u> This Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties and the Released Parties.

11.16 <u>Competency of the Parties.</u> The Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Agreement, they do so freely, knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel of their choice, that they are fully aware of the contents and effect of this Agreement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

11.17 <u>Authority.</u> The persons signing this Agreement on behalf of an entity warrant and represent that they are authorized to sign on the respective entity's behalf. Each of the Named Plaintiffs has personally signed this Agreement.

11.18 <u>Modification.</u> No modification of or amendment to this Agreement shall be valid unless it is in writing and signed by all Parties hereto or agreed to on the record in the District Court.

11.19 <u>Time Periods.</u> The time periods and dates described herein are subject to Court approval and may be modified upon written stipulation of the Parties.

11.20 <u>Construction.</u> Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the Agreement shall

not be construed against any of the Parties. Before declaring any provision of this Agreement invalid, the District Court shall first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Agreement valid and enforceable. After applying this rule of construction and still finding a provision invalid, the District Court shall thereupon interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision. The invalidity of any one provision shall not render this Agreement otherwise invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Agreement after application of the rules of construction set forth in this paragraph. Any invalidity of the Consent to Settle and Release shall be a material term that invalidates the entire Agreement.

11.21 <u>No Waiver.</u> The failure of any of the Parties to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any of the Parties thereafter to enforce that provision or each and every other provision. No waiver of any breach of this Agreement shall constitute or be deemed a waiver of any other breach.

11.22 <u>Governing Law.</u> This Agreement shall be governed by, construed, and enforced in accordance with the laws of the Commonwealth of Virginia, including all matters of construction, validity, performance, and enforcement and without giving effect to the principles of conflict of laws. By agreeing to this provision, Defendants do not consent to the application of Virginia law in any other context.

11.23 <u>Notices/Communications.</u> All requests, demands, claims, and other communications hereunder shall: (a) be in writing; (b) delivered by U.S. mail and electronic mail;

(c) be deemed to have been duly given on the date received; and (d) be addressed to the intended

recipient as set forth below:

If to Plaintiffs or the Settlement Class:

Kristi C. Kelly
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, Virginia 22030
kkelly@kellyguzzo.com

If to Matt Martorello, Eventide Credit Acquisitions, Inc., and BWH Texas, LLC :

Joseph F. Brophy
Brophy & Bland, PLLC
The Overlook at Barton Creek
317 Grace Lane, Suite 210
Austin, Texas 78746
Joe@bdlawpllc.com

If to Eventide Credit Acquisitions, Inc. – Bankruptcy Attorney

Jeff P. Prostok
Forshey & Prostok, LLP
777 Main St., Suite 1550
Ft. Worth, TX 76102
jprostok@forsheyprostok.com

If to BWH Texas, LLC – Bankruptcy Attorney

Gregory W. Mitchell
Freeman Law
1412 Main Street, Suite 500
Dallas, TX 75202
greg@mitchellps.com

If to Rebecca Martorello:

William Jackson
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
wjackson@wilsav.com

Each of the Parties may change the address to which requests, demands, claims, or other

communications hereunder are to be delivered by giving the other Parties notice in the manner set

forth herein. Any Party may, by written notice to all the other Parties, change its designated recipient(s) or notice address provided above. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections received in relation to this Settlement Agreement.

11.24 Counterparts. This Agreement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on each of the Parties that executed it, provided, however, that none of the Parties shall be bound unless and until all Parties have executed this Agreement. For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

11.25 Cooperation. The Parties, and their respective counsel, agree to cooperate with each other and do all things reasonably necessary to obtain preliminary approval of the Settlement; to obtain final approval of the Settlement; and to otherwise ensure that a fully effective final approval of the Settlement occurs.

11.26 Destruction and Non-Use of Discovery Materials. Class Counsel agree, upon written request, to destroy all materials produced by Defendants, any Released Party, and/or any third parties and designated upon that production as confidential upon entry of the Final Order or upon final resolution of the Actions, or any related actions brought against a party that is not a Released Party, whichever is later; subject to good faith discussion between counsel for the Parties as necessary. Class Counsel agree to be bound by the requirements of the protective orders entered in the Actions, even following their disposal of the materials. Any disputes will be arbitrated by U.S. Magistrate Judge Mark Colombell.

***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

Dated: Mar 6, 2024 , 2024     By: *Lula Williams*
                                   Lula Williams (Mar 6, 2024 12:24 EST)
                                   Lula Williams
                                   Plaintiff

Dated: _____, 2024     By: _____
                                   Gloria Turnage
                                   Plaintiff

Dated: _____, 2024     By: _____
                                   George Hengle
                                   Plaintiff

Dated: _____, 2024     By: _____
                                   Dowin Coffy
                                   Plaintiff

Dated: _____, 2024     By: _____
                                   Marcella P. Singh
                                   Plaintiff

Dated: _____, 2024     By: _____
                                   Renee Galloway
                                   Plaintiff

Dated: _____, 2024     By: _____
                                   Diane Turner
                                   Plaintiff

Dated: _____, 2024     By: _____
                                   Dominque de lay Bay
                                   Plaintiff

Dated: _____, 2024     By: _____
                                   Lori Fitzgerald
                                   Plaintiff

44

\*\*\*

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

Dated: _____, 2024      By: _____
                                              Lula Williams
                                              Plaintiff

Dated: _March 6_____, 2024      By: _Gloria Turnage_____
                                              Gloria Turnage
                                              Plaintiff

Dated: _____, 2024      By: _____
                                              George Hengle
                                              Plaintiff

Dated: _____, 2024      By: _____
                                              Dowin Coffy
                                              Plaintiff

Dated: _____, 2024      By: _____
                                              Marcella P. Singh
                                              Plaintiff

Dated: _____, 2024      By: _____
                                              Renee Galloway
                                              Plaintiff

Dated: _____, 2024      By: _____
                                              Diane Turner
                                              Plaintiff

Dated: _____, 2024      By: _____
                                              Dominque de lay Bay
                                              Plaintiff

Dated: _____, 2024      By: _____
                                              Lori Fitzgerald
                                              Plaintiff

44

***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

Dated: _____, 2024     By: _____
                                         Lula Williams
                                         Plaintiff

Dated: _____, 2024     By: _____
                                         Gloria Turnage
                                         Plaintiff

Dated: Mar 6, 2024 _____, 2024     By: *George Hengle*
                                         George Hengle (Mar 6, 2024 13:56 EST)
                                         _____
                                         George Hengle
                                         Plaintiff

Dated: _____, 2024     By: _____
                                         Dowin Coffy
                                         Plaintiff

Dated: _____, 2024     By: _____
                                         Marcella P. Singh
                                         Plaintiff

Dated: _____, 2024     By: _____
                                         Renee Galloway
                                         Plaintiff

Dated: _____, 2024     By: _____
                                         Diane Turner
                                         Plaintiff

Dated: _____, 2024     By: _____
                                         Dominque de lay Bay
                                         Plaintiff

Dated: _____, 2024     By: _____
                                         Lori Fitzgerald
                                         Plaintiff

44

*\*\*\**

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

Dated: _____, 2024       By: _____
                                            Lula Williams
                                            Plaintiff

Dated: _____, 2024       By: _____
                                            Gloria Turnage
                                            Plaintiff

Dated: _____, 2024       By: _____
                                            George Hengle
                                            Plaintiff

Dated: Mar 7, 2024 _____, 2024   By: _____
                                            Dowin Coffy (Mar 7, 2024 12:16 CST)
                                            Dowin Coffy
                                            Plaintiff

Dated: _____, 2024       By: _____
                                            Marcella P. Singh
                                            Plaintiff

Dated: _____, 2024       By: _____
                                            Renee Galloway
                                            Plaintiff

Dated: _____, 2024       By: _____
                                            Diane Turner
                                            Plaintiff

Dated: _____, 2024       By: _____
                                            Dominque de lay Bay
                                            Plaintiff

Dated: _____, 2024       By: _____
                                            Lori Fitzgerald
                                            Plaintiff

44

***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

Dated: _____, 2024      By: _____
                                         Lula Williams
                                         Plaintiff

Dated: _____, 2024      By: _____
                                         Gloria Turnage
                                         Plaintiff

Dated: _____, 2024      By: _____
                                         George Hengle
                                         Plaintiff

Dated: _____, 2024      By: _____
                                         Dowin Coffy
                                         Plaintiff

Dated: Mar 6, 2024 _____, 2024    By: _____
                                         Marcella Singh (Mar 6, 2024 12:42 EST)
                                         Marcella P. Singh
                                         Plaintiff

Dated: _____, 2024      By: _____
                                         Renee Galloway
                                         Plaintiff

Dated: _____, 2024      By: _____
                                         Diane Turner
                                         Plaintiff

Dated: _____, 2024      By: _____
                                         Dominque de lay Bay
                                         Plaintiff

Dated: _____, 2024      By: _____
                                         Lori Fitzgerald
                                         Plaintiff

***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

Dated: _____, 2024        By: _____
                                              Lula Williams
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Gloria Turnage
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              George Hengle
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Dowin Coffy
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Marcella P. Singh
                                              Plaintiff

                                          DocuSigned by:
                                          *Renee Galloway*
Dated: ___3/6/2024____, 2024        By: ___62482F982F2D4D8..._____
                                              Renee Galloway
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Diane Turner
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Dominque de lay Bay
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Lori Fitzgerald
                                              Plaintiff

*** 

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

Dated: _____, 2024       By: _____
                                              Lula Williams
                                              Plaintiff

Dated: _____, 2024       By: _____
                                              Gloria Turnage
                                              Plaintiff

Dated: _____, 2024       By: _____
                                              George Hengle
                                              Plaintiff

Dated: _____, 2024       By: _____
                                              Dowin Coffy
                                              Plaintiff

Dated: _____, 2024       By: _____
                                              Marcella P. Singh
                                              Plaintiff

Dated: _____, 2024       By: _____
                                              Renee Galloway
                                              Plaintiff

Dated: Mar 6, 2024 _____, 2024       By: *Dianne Turner*
                                          Dianne Turner (Mar 6, 2024 14:31 EST)
                                              Diane Turner
                                              Plaintiff

Dated: _____, 2024       By: _____
                                              Dominque de lay Bay
                                              Plaintiff

Dated: _____, 2024       By: _____
                                              Lori Fitzgerald
                                              Plaintiff

44

***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates

set forth below.

Dated: _____, 2024        By: _____
                                          Lula Williams
                                          Plaintiff


Dated: _____, 2024        By: _____
                                          Gloria Turnage
                                          Plaintiff


Dated: _____, 2024        By: _____
                                          George Hengle
                                          Plaintiff


Dated: _____, 2024        By: _____
                                          Dowin Coffy
                                          Plaintiff


Dated: _____, 2024        By: _____
                                          Marcella P. Singh
                                          Plaintiff


Dated: _____, 2024        By: _____
                                          Renee Galloway
                                          Plaintiff


Dated: _____, 2024        By: _____
                                          Diane Turner
                                          Plaintiff

                                          DocuSigned by:
         3/6/2024
Dated: _____, 2024        By: _____
                                          795BB551B5E34F5...
                                          Dominque de lay Bay
                                          Plaintiff


Dated: _____, 2024        By: _____
                                          Lori Fitzgerald
                                          Plaintiff

44

***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

Dated: _____, 2024        By: _____
                                              Lula Williams
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Gloria Turnage
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              George Hengle
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Dowin Coffy
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Marcella P. Singh
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Renee Galloway
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Diane Turner
                                              Plaintiff

Dated: _____, 2024        By: _____
                                              Dominque de lay Bay
                                              Plaintiff

Dated: 03/07/2024_____, 2024        By: _____
                                              Lori Fitzgerald
                                              Plaintiff

Dated: _3/12/2024_____, 2024     By: _____
                                       Andrea Scarborough
                                       Plaintiff

Dated: _____, 2024     By: _____
                                       Earl Browne
                                       Plaintiff

Dated: _____, 2024     By: _____
                                       Rose Marie Buchert
                                       Plaintiff

Dated: _____, 2024     By: _____
                                       Regina Nolte
                                       Plaintiff

Dated: _____, 2024     By: _____
                                       Kevin Minor
                                       Plaintiff

Dated: _____, 2024     By: _____
                                       Teresa Titus
                                       Plaintiff

Dated: _____, 2024     By: _____
                                       Burry Pough
                                       Plaintiff

Dated: _____, 2024     By: _____
                                       Lisa Martinez
                                       Plaintiff

Dated: _____, 2024     By: _____
                                       Sonji Grandy
                                       Plaintiff

Dated: _____, 2024

By: _____
Andrea Scarborough
Plaintiff

Dated: March 6, 2024

By: _____
Earl Browne
Plaintiff

Dated: _____, 2024

By: _____
Rose Marie Buchert
Plaintiff

Dated: _____, 2024

By: _____
Regina Nolte
Plaintiff

Dated: _____, 2024

By: _____
Kevin Minor
Plaintiff

Dated: _____, 2024

By: _____
Teresa Titus
Plaintiff

Dated: _____, 2024

By: _____
Burry Pough
Plaintiff

Dated: _____, 2024

By: _____
Lisa Martinez
Plaintiff

Dated: _____, 2024

By: _____
Sonji Grandy
Plaintiff

Dated: _____, 2024     By: _____
                                            Andrea Scarborough
                                            Plaintiff

Dated: _____, 2024     By: _____
                                            Earl Browne
                                            Plaintiff

Dated: __3/7/2024_____, 2024     By: _____
                                            Rose Marie Buchert
                                            Plaintiff

Dated: _____, 2024     By: _____
                                            Regina Nolte
                                            Plaintiff

Dated: __3/6/2024_____, 2024     By: _____
                                            Kevin Minor
                                            Plaintiff

Dated: _____, 2024     By: _____
                                            Teresa Titus
                                            Plaintiff

Dated: __3/5/2024_____, 2024     By: _____
                                            Burry Pough
                                            Plaintiff

Dated: __3/5/2024_____, 2024     By: _____
                                            Lisa Martinez
                                            Plaintiff

Dated: __3/5/2024_____, 2024     By: _____
                                            Sonji Grandy
                                            Plaintiff

Dated: _____, 2024          By: _____
                                                      Andrea Scarborough
                                                      Plaintiff

Dated: _____, 2024          By: _____
                                                      Earl Browne
                                                      Plaintiff

Dated: _____, 2024          By: _____
                                                      Rose Marie Buchert
                                                      Plaintiff

Dated: Mar 6, 2024 _____, 2024   By: _____Regina Nolte_____
                                                      Regina Nolte (Mar 6, 2024 15:43 EST)
                                                      Regina Nolte
                                                      Plaintiff

Dated: _____, 2024          By: _____
                                                      Kevin Minor
                                                      Plaintiff

Dated: _____, 2024          By: _____
                                                      Teresa Titus
                                                      Plaintiff

Dated: _____, 2024          By: _____
                                                      Burry Pough
                                                      Plaintiff

Dated: _____, 2024          By: _____
                                                      Lisa Martinez
                                                      Plaintiff

Dated: _____, 2024          By: _____
                                                      Sonji Grandy
                                                      Plaintiff

Dated: _____, 2024     By: _____
                                                       Andrea Scarborough
                                                           Plaintiff

Dated: _____, 2024     By: _____
                                                     Earl Browne
                                                      Plaintiff

Dated: _____, 2024     By: _____
                                                  Rose Marie Buchert
                                                     Plaintiff

Dated: _____, 2024     By: _____
                                                  Regina Nolte
                                                     Plaintiff

Dated: _____, 2024     By: _____
                                                  Kevin Minor
                                                     Plaintiff

Dated: ___3/5/2024___, 2024     By: _____
                                                  Teresa Titus
                                                     Plaintiff

Dated: _____, 2024     By: _____
                                                  Burry Pough
                                                     Plaintiff

Dated: _____, 2024     By: _____
                                                  Lisa Martinez
                                                     Plaintiff

Dated: _____, 2024     By: _____
                                                  Sonji Grandy
                                                     Plaintiff

Dated: _____3/5/2024_____, 2024       By: _____
                                                Anastasia Sherman
                                                Plaintiff

Dated: _____3/5/2024_____, 2024       By: _____
                                                Jerry Avent
                                                Plaintiff

Dated: _____3/5/2024_____, 2024       By: _____
                                                Lucinda Gray
                                                Plaintiff

Dated: _____3/5/2024_____, 2024       By: _____
                                                Anthony Green
                                                Plaintiff

Dated: _____, 2024         By: _____
                                                Linda Madison
                                                Plaintiff

Dated: _____, 2024         By: _____
                                                Derek Geter
                                                Plaintiff

Dated: _____3/5/2024_____, 2024       By: _____
                                                Keisha Hamm
                                                Plaintiff

Dated: _____3/5/2024_____, 2024       By: _____
                                                Faith Thomas
                                                Plaintiff

Dated: _____, 2024         By: _____
                                                Sharon Paavo
                                                Plaintiff

Dated: _____, 2024      By: _____
                                            Anastasia Sherman
                                            Plaintiff

Dated: _____, 2024      By: _____
                                            Jerry Avent
                                            Plaintiff

Dated: _____, 2024      By: _____
                                            Lucinda Gray
                                            Plaintiff

Dated: _____, 2024      By: _____
                                            Anthony Green
                                            Plaintiff

Dated: __March 6, 2024__, 2024      By: _____*Linda Madison*_____
                                            Linda Madison
                                            Plaintiff

Dated: _____, 2024      By: _____
                                            Derek Geter
                                            Plaintiff

Dated: _____, 2024      By: _____
                                            Keisha Hamm
                                            Plaintiff

Dated: _____, 2024      By: _____
                                            Faith Thomas
                                            Plaintiff

Dated: _____, 2024      By: _____
                                            Sharon Paavo
                                            Plaintiff

Dated: _____, 2024          By: _____
                                                     Anastasia Sherman
                                                          Plaintiff


Dated: _____, 2024          By: _____
                                                       Jerry Avent
                                                          Plaintiff


Dated: _____, 2024          By: _____
                                                       Lucinda Gray
                                                          Plaintiff


Dated: _____, 2024          By: _____
                                                      Anthony Green
                                                          Plaintiff


Dated: _____, 2024          By: _____
                                                      Linda Madison
                                                          Plaintiff


Dated: __3 - 7_____, 2024          By: _____
                                                  Dennis ~~Derek~~ Geter
                                                      ɔ5        Plaintiff


Dated: _____, 2024          By: _____
                                                       Keisha Hamm
                                                          Plaintiff


Dated: _____, 2024          By: _____
                                                       Faith Thomas
                                                          Plaintiff


Dated: _____, 2024          By: _____
                                                      Sharon Paavo
                                                          Plaintiff

Dated: _____, 2024          By: _____
                                            Anastasia Sherman
                                            Plaintiff

Dated: _____, 2024          By: _____
                                            Jerry Avent
                                            Plaintiff

Dated: _____, 2024          By: _____
                                            Lucinda Gray
                                            Plaintiff

Dated: _____, 2024          By: _____
                                            Anthony Green
                                            Plaintiff

Dated: _____, 2024          By: _____
                                            Linda Madison
                                            Plaintiff

Dated: _____, 2024          By: _____
                                            Derek Geter
                                            Plaintiff

Dated: _____, 2024          By: _____
                                            Keisha Hamm
                                            Plaintiff

Dated: _____, 2024          By: _____
                                            Faith Thomas
                                            Plaintiff

Dated: March 11, 2024                 By: Sharon Paavo
                                            Sharon Paavo
                                            Plaintiff

46

Dated: ___3/5/2024___, 2024   By: _____
                                   Latanya Tarleton
                                   Plaintiff

Dated: _____, 2024   By: _____
                                   Richard Smith
                                   Plaintiff

Dated: _____, 2024   By: _____
                                   Dana Duggan
                                   Plaintiff

Dated: ___March   4___, 2024   By: _____
                                   Matt Martorello
                                   Defendant

Dated: ___March 4___, 2024   By: _____
                                   Rebecca Martorello
                                   Defendant

Dated: ___March   4___, 2024   EVENTIDE CREDIT ACQUISITIONS, LLC.

                                By: _____
                                Its: ___Manager___

Dated: ___March   4___, 2024   BWH TEXAS, LLC

                                By: _____
                                Its: ___President of its Manager___

47

Dated: _____, 2024        By: _____
                                            Latanya Tarleton
                                            Plaintiff

Dated: 3-9-24 _____, 2024          By: _____
                                            Richard Smith
                                            Plaintiff

Dated: _____, 2024        By: _____
                                            Dana Duggan
                                            Plaintiff

Dated: March 4 _____, 2024        By: _____
                                            Matt Martorello
                                            Defendant

Dated: March 4 _____, 2024        By: _____
                                            Rebecca Martorello
                                            Defendant

Dated: March 4 _____, 2024        EVENTIDE CREDIT ACQUISITIONS, LLC.

                                       By: _____
                                       Its: Manager _____

Dated: March 4 _____, 2024        BWH TEXAS, LLC

                                       By: _____
                                       Its: President of its Manager

47

Dated: _____, 2024          By: _____
                                             Latanya Tarleton
                                             Plaintiff

Dated: _____, 2024          By: _____
                                             Richard Smith
                                             Plaintiff

Dated: March 7 _____, 2024      By: _____
                                             Dana Duggan
                                             Plaintiff

Dated: March 4 _____, 2024      By: _____
                                             Matt Martorello
                                             Defendant

Dated: March 4 _____, 2024      By: _____
                                             Rebecca Martorello
                                             Defendant

Dated: March 4 _____, 2024      EVENTIDE CREDIT ACQUISITIONS, LLC.

                                       By: _____
                                       Its: _____Manager_____

Dated: March 4 _____, 2024      BWH TEXAS, LLC

                                       By: _____
                                       Its: _____President of its, Manager___

**APPROVED AS TO FORM:**

Dated: ___March 7_____, 2024

KELLY GUZZO, PLC

By: _____

Andrew J. Guzzo

Attorneys for Plaintiffs

Dated: ___March 4_____, 2024

CONSUMER LITIGATION ASSOCIATES, P.C.

By: _____

Leonard A. Bennett

Attorneys for Plaintiffs

Dated: _____, 2024

BERGER MONTAGUE PLLC

By: _____

Michelle Drake

Attorneys for Plaintiffs

Dated: ___March 12_____, 2024

TERRELL MARSHALL LAW GROUP PLLC

By: _____

Beth Terrell

Attorneys for Plaintiffs

Dated: _____, 2024

CADDELL & CHAPMAN

By: _____

Michael Caddell

Attorneys for Plaintiffs

**APPROVED AS TO FORM:**

Dated: _____, 2024

KELLY GUZZO, PLC

By: _____
               Andrew J. Guzzo

Attorneys for Plaintiffs


Dated: _____March 4_____, 2024

CONSUMER LITIGATION ASSOCIATES, P.C.

By: _____
               Leonard A. Bennett

Attorneys for Plaintiffs


Dated: _____3/12/2024_____, 2024

BERGER MONTAGUE PLLC

By: _____
               Michelle Drake

Attorneys for Plaintiffs


Dated: _____, 2024

TERRELL MARSHALL LAW GROUP PLLC

By: _____
               Beth Terrell

Attorneys for Plaintiffs


Dated: _____, 2024

CADDELL & CHAPMAN

By: _____
               Michael Caddell

Attorneys for Plaintiffs

**APPROVED AS TO FORM:**

Dated: _____, 2024

KELLY GUZZO, PLC

By: _____
Andrew J. Guzzo

Attorneys for Plaintiffs

Dated: _March 4_, 2024

CONSUMER LITIGATION ASSOCIATES, P.C.

By: _____
Leonard A. Bennett

Attorneys for Plaintiffs

Dated: _____, 2024

BERGER MONTAGUE PLLC

By: _____
Michelle Drake

Attorneys for Plaintiffs

Dated: _____, 2024

TERRELL MARSHALL LAW GROUP PLLC

By: _____
Beth Terrell

Attorneys for Plaintiffs

Dated: _March 6_, 2024

CADDELL & CHAPMAN

By: _____
Michael Caddell

Attorneys for Plaintiffs

48

Dated: March 12, 2024

GUPTA WESSLER, PLLC

By: _____
       Matthew Wessler

Attorneys for Plaintiffs

Dated: March 4, 2024

WILCOX SAVAGE

By: _____
       William B. Jackson

Attorneys for Rebecca Martorello

Dated: March 4, 2024

BROPHY & BLAND, PLLC

By: _____
       Joseph F. Brophy

Attorneys for Matt Martorello, Eventide Credit
Acquisitions, LLC, and BWH Texas, LLC.

Dated: _____, 2024

FREEMAN LAW

By: _____
       Gregory W. Mitchell

Bankruptcy Attorneys for Eventide Credit
Acquisitions, LLC

Dated: _____, 2024

FORSHEY & PROSTOK, LLP

By: _____
       Jeff P. Prostok

Bankruptcy Attorneys for BWH Texas, LLC

49

Dated: _____, 2024

GUPTA WESSLER, PLLC

By: _____
　　　　　Matthew Wessler

Attorneys for Plaintiffs

Dated: ___March 4___, 2024

WILCOX SAVAGE

By: _____
　　　　　William B. Jackson

Attorneys for Rebecca Martorello

Dated: ___March 4,___, 2024

BROPHY & BLAND, PLLC

By: _____
　　　　　Joseph F. Brophy

Attorneys for Matt Martorello, Eventide Credit
Acquisitions, LLC, and BWH Texas, LLC.

Dated: ___March 11___, 2024

FREEMAN LAW

By: _____
　　　　　Gregory W. Mitchell

Bankruptcy  Attorneys  for  BWH Texas, LLC

Dated: ___3/9/___, 2024

FORSHEY & PROSTOK, LLP

By: _____
　　　　　Jeff P. Prostok

Bankruptcy Attorneys for BWH Texas, LLC

Eventide Credit
Acquisitions,
LLC