```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF VIRGINIA
 2                          RICHMOND DIVISION

 3    _____
                                    )
      RENEE GALLOWAY, et al.         )
 4                                   )
      v.                             )   Civil Action No.:
 5                                   )   3:18 CV 406
      BIG PICTURE LOANS, LLC, et al.)
 6    _____)    June 3, 2024

 7              TRANSCRIPT EXCERPT UNDER SEAL
            BEFORE THE HONORABLE ROBERT E. PAYNE
 8            UNITED STATES DISTRICT COURT JUDGE
      APPEARANCES:
 9
      Kristi C. Kelly, Esquire
10    James Patrick McNichol, Esquire
      KELLY GUZZO, PLC
11    3925 Chain Bridge Road, Suite 202
      Fairfax, VA 22030
12
              Counsel on behalf of the Plaintiffs
13
      John David Taliaferro, Esquire
14    LOEB & LOEB LLP
      901 New York Ave NW, Suite 300 East
15    Washington, DC 20001

16            Counsel on behalf of the Defendants
              Justin Martorello and Eventide Credit
17            Acquisitions, LLC

18    William B. Jackson, Esquire
      WILLCOX & SAVAGE, P.C.
19    440 Monticello Avenue, Suite 2200
      Norfolk, Virginia 23510
20
              Counsel on behalf of Defendant
21            Rebecca Martorello

22

23
                        TRACY J. STROH, RPR
24                     OFFICIAL COURT REPORTER
                     UNITED STATES DISTRICT COURT
25
```

```
 1  APPEARANCES (Continued):

 2  JOSEPH F. BROPHY, ESQUIRE
    Brophy & Bland, PLLC
 3  The Overlook at Barton Creek
    317 Grace Lane, Suite 210
 4  Austin, Texas 78746

 5  CULLEN D. SELTZER, ESQUIRE
    Sands Anderson, PC
 6  919 E Main Street, Suite 2300
    Richmond, VA 23218
 7
              Counsel on behalf of Defendant
 8            Matt Martorello

 9  Jonathan Frank Hollis, Esquire
    WOODS ROGERS VANDEVENTER BLACK PLC
10  901 East Byrd Street, Suite 1550
    Richmond, VA 23219
11
              Counsel on behalf of Defendants
12            Breakwater Holdings, LLC and
              Bluetech Irrevocable Trust
13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           THE COURT:  Ms. Kelly.  A couple of things
2  before we get started.
3           I notice that on page 10 of the memorandum,
4  ECF 652, that whole section is redacted in the public
5  version.  I'm concerned about doing that.  I recognize the
6  reasons why redaction is sought, but I also think it is
7  important that the record reflect the possibility that the
8  settlement might be voided.
9           This part of the transcript is under seal from
10 the time I started talking.
11          MS. KELLY:  So, Judge --
12          THE COURT:  And what I've done is suggest that
13 the following language not be redacted, if you will look
14 at page 10.  The heading, "G, The Funding of the
15 Settlement."  Then the words, "to fund the settlement,
16 Defendants Matt and Rebecca Martorello have agreed," and
17 then go down four lines, "for the purpose of creating the
18 Settlement Fund."
19          And then go down to the last paragraph, second
20 sentence, you leave in the word "if."  Then go down to the
21 second from the bottom line and say, "This Stipulation and
22 Agreement of Settlement shall be voidable at the
23 discretion of either party and in the event this
24 Stipulation and Agreement of Settlement is voided."
25          That way anybody who's interested knows that

1  it's not a guaranteed fund yet, but I believe it preserves
2  the information that is necessary to effectuate the
3  development of the fund.  But I certainly didn't want to
4  do anything like that without talking to you all.
5           And then if you look at the other place where
6  that appears is in the settlement agreement itself,
7  ECF 652-1, page 13.  And the same language -- same
8  approach.  So what I would do is not redact "Defendants
9  Matt and Rebecca Martorello agree" and then go down two
10 lines, pick up, "for the purpose of creating the
11 Settlement Fund."
12          And then go down to the middle of the paragraph
13 following this sentence that ends "Judge Colombell."  Do
14 not delete the word "if" and do not delete the rest of
15 that sentence, which says, "This Stipulation and Agreement
16 of Settlement shall be void and all actions shall
17 proceed."
18          All right.
19          MS. KELLY:  Judge --
20          THE COURT:  Now, in reading that, I notice a
21 very significant difference between the settlement
22 agreement and the brief because the settlement agreement,
23 in the sentence that I just read, said the settlement
24 agreement -- "the Stipulation and Agreement of Settlement
25 shall be void and all actions shall proceed," whereas the

1  brief says, "This Stipulation and Agreement of Settlement
2  shall be voidable at the discretion of either party and in
3  the event this Stipulation and Agreement of Settlement is
4  voided."
5         That's awkward phraseology in the last line, but
6  I took "in the event" to mean in the event that somebody
7  exercised the discretion to void it.  That may not be what
8  you meant, but that's the interpretation I gave it.
9         So those are some problems that I see right off
10 the bat that I think we need to resolve to begin with.
11        Is it the understanding of the parties that it
12 is voidable at the discretion of either party and in the
13 event of exercise of that discretion, the Stipulation and
14 Agreement of Settlement is itself voided?
15        MS. KELLY:  Judge, Kristi Kelly for the class.
16 And I apologize for that error.  I take full
17 responsibility for it and the inconsistency.
18        It was our understanding and our thought that if
19 the sale of 50 percent of the shares did not net the
20 65 million for the class, Mr. Martorello, Ms. Martorello
21 or the other defendants would have the opportunity to
22 either sell more shares or obtain funds from other sources
23 to get the 65 million, and if that 65 million was not
24 obtained by the October 21st deadline, then the parties
25 could void the settlement because it was not sufficient

1 consideration.

2 　　　　　But it is inconsistent, and I recognize that,
3 and so we can definitely correct that.

4 　　　　　THE COURT: Excuse me just a minute.

5 　　　　　There's some people who are not -- I don't know.
6 And I have sealed the transcript. Who is -- who's here?
7 The lady back here.

8 　　　　　MS. SOMERS: Good morning, Your Honor. Dena
9 Somers. I work with Big Pictures Loans, and I was just
10 here to observe.

11 　　　　　MR. BERG: Good morning, Your Honor. Joel Berg.
12 I'm a law clerk with O'Hagan Meyer, whose interest in the
13 case I'm here to observe as well.

14 　　　　　THE COURT: I haven't issued a gag order in a
15 long time, but you shouldn't be here. You shouldn't have
16 heard what just went on. It was my fault.

17 　　　　　Do you agree -- state your -- do you agree not
18 to mention what we are talking about to anybody?

19 　　　　　MS. SOMERS: Yes, Your Honor.

20 　　　　　THE COURT: Including your employer, lawyers for
21 your employer or anyone associated with it?

22 　　　　　MS. SOMERS: Yes, Your Honor.

23 　　　　　THE COURT: All right.

24 　　　　　MS. KELLY: And, Judge --

25 　　　　　MR. BERG: Yes, Your Honor.

1                MS. KELLY:  And, Judge Payne, just so you know,
2    O'Hagan Meyer represents Braviant.  And so I believe
3    they're aware of what we've been discussing because --
4                THE COURT:  Oh, okay.  Well, then you can talk
5    to your client about it.
6                MR. BERG:  Thank you, Your Honor.
7                THE COURT:  I didn't understand who you
8    represented.
9                MS. KELLY:  And they've represented Braviant in
10   respect to a subpoena and any matters here.  They're not
11   the lawyer for the transactional piece, but they've
12   represented Braviant as to this case.
13               THE COURT:  All right.
14               All right.  So what do we do about the
15   substantive inconsistency?  Void and voidable are two
16   entirely different things.  I need to be advised on what
17   you're going to do about that.
18               Ms. Kelly has -- I take it you're proposing --
19   are you saying you understand the agreement to, in effect,
20   be voidable or we have to figure out a way to deal with
21   the inconsistencies?
22               MS. KELLY:  We need to figure out a way to deal
23   with the inconsistencies, Judge.
24               THE COURT:  Okay.  So that wasn't the
25   understanding of the parties?

```
 1              MS. KELLY:  Yeah.  I mean, it's my understanding
 2   that Mr. Martorello -- there's a chance that the shares
 3   may not net the $65 million that we would like them to
 4   net.  We believe that based on the most recent valuation
 5   we saw, that there's enough wiggle room there, but we
 6   understand that a closely held company, the valuation can
 7   depend on a lot of factors.  So we do believe that there
 8   are ways to get around that issue to fully fund the
 9   settlement, but it is not something that we have a full
10   agreement on, and there is inconsistency there.
11              THE COURT:  All right.  So what do you suggest
12   we do here?
13              For your information, I have reviewed the entire
14   agreement and the memoranda and am intimately familiar
15   with the case, and I have some questions that I told you I
16   needed answers to, but I'm prepared to -- would be
17   prepared to approve the settlement in concept, but I did
18   notice this inconsistency and we need to iron it out so
19   that we don't come down the road in an approved settlement
20   and have a problem.
21              MR. JACKSON:  Thank you, Your Honor.  Billy
22   Jackson for Defendant Rebecca Martorello.  I'm with
23   Willcox Savage.
24              Our understanding is more on the line of
25   voidable and more in line with the Court's understanding
```

1  of that language.  And the reason I say I believe it's
2  voidable, I agree with Ms. Kelly, Your Honor, that that's
3  one option.  Certain things might happen or may not happen
4  by the time of the deadline, and one option is the defense
5  team may put together resources to satisfy the fund,
6  notwithstanding what happens with Braviant.
7       Another option is the parties agree to maybe a
8  month, two month, three month longer extension because
9  they believe that the process is going strong, that there
10 is a strong opportunity and chance that the sale of the
11 shares will meet that Settlement Fund, they just need a
12 little bit more time.
13      And so I think voidable would satisfy all the
14 parties' understanding of what's going to happen by the
15 time the Settlement Fund needs to be completed.
16      THE COURT:  And you're representing
17 Ms. Martorello?
18      MR. JACKSON:  Ms. Martorello, Your Honor.
19      THE COURT:  And that was your understanding of
20 the settlement agreement words and terms?
21      MR. JACKSON:  Yes, Your Honor.  And another
22 reason why I believe it's more in the line with voidable
23 than void is if you look at section 9.1(b) --
24      THE COURT:  What page is that?
25      MR. JACKSON:  Thirty-one, Your Honor.

1            THE COURT:  What page?

2            MR. JACKSON:  Thirty-one.

3            THE COURT:  Thank you, sir.  Just a minute.

4       Yes.

5            MR. JACKSON:  The right to terminate falls upon

6   any party, and it lays out the right to terminate the

7   agreement.

8            THE COURT:  Yeah, I had a question about

9   paragraph 9, too, as to what it meant at the time I read

10  it.  So I see -- yeah, it seems to be consistent with the

11  notion of voidability.

12           MR. JACKSON:  That's right.  I mean, (b) lays

13  out pretty clearly if the Settlement Fund is not paid as

14  set forth above, the parties can come together and figure

15  out what to do next, whether they want to scrap the

16  agreement and just go back to litigation or if they are

17  coming up with creative ideas, outside-the-box ideas to

18  satisfy those conditions.

19           THE COURT:  I see.  I agree.  I think that is --

20  if you read it as a whole, that inconsistency can be

21  resolved, but I want -- and I'm prepared to find that

22  that's a reasonable reading of it so long as the parties

23  agree that it's a reasonable reading of it.

24           MR. JACKSON:  The defense team certainly agrees,

25  Your Honor.

```
 1                THE COURT:  All right.
 2                Anybody else want to speak?
 3                MR. BROPHY:  Your Honor, agreed on behalf of
 4   Matt Martorello.
 5                THE COURT:  You agree?
 6                MR. BROPHY:  Yes, Your Honor.
 7                MR. TALIAFERRO:  Your Honor, J.D. Taliaferro
 8   from Loeb & Loeb for Justin and Eventide.  We agree with
 9   that reading.
10                MR. HOLLIS:  Good morning, Your Honor.  Jon
11   Hollis from Woods Rogers on behalf of Bluetech and
12   Breakwater, as succeeded by BWH Texas, LLC.  These parties
13   also agree.
14                THE COURT:  All right.  Then I think that
15   resolves the issue.
16                MR. JACKSON:  Thank you, Your Honor.
17                THE COURT:  All right.  Thank you.
18                I stole your thunder.  So we are now -- the --
19   from this part forward, we are not under seal anymore.
20                And I believe -- I find that the necessity to
21   seal the part we just sealed is called for in the interest
22   of justice and after considering all of the appropriate
23   factors under the law of our circuit and the local rule on
24   sealing, given the nature of the information that was
25   discussed and the importance of it to the success of the
```

```
 1  settlement agreement.  And there's no other alternative to
 2  settlement -- I mean to sealing.
 3              MS. KELLY:  Judge, I'm sorry, but if we could
 4  just go back under seal one more minute.  I just want to
 5  address the issue of sealing because the Court previously
 6  stated that it wanted to unseal that Braviant would take
 7  steps to execute sale of up to 50 percent of the interest.
 8  And I know that was an issue --
 9              THE COURT:  No, I didn't want to do that.  I
10  didn't say that.
11              I said the parts -- if you look at -- if I said
12  it, I didn't mean it.  Pardon me.  But --
13              MS. KELLY:  Okay.
14              THE COURT:  -- on page 10 of 31 of the
15  settlement agreement, I would put in; that is, unredact,
16  the heading, "G, The Funding of the Settlement"; the
17  words, "to fund the settlement agreement, Defendants Matt
18  and Rebecca Martorello have agreed."  Go down four lines
19  and put "for the purpose of creating the Settlement Fund."
20  Nothing else in that paragraph.
21              In the next paragraph, second line, "if," then
22  go down to the next to the last line, and "if" would be
23  unredacted, and then we would go "this Stipulation and
24  Agreement of Settlement shall be voidable at the
25  discretion of either party and in the event the
```

1  Stipulation and Agreement of Settlement is voided."
2  That's the only part of that that I suggested be
3  unredacted.
4        MS. KELLY:  Yes.  And what I think the parties
5  would propose is that in section G, the heading with the
6  unredacted and the beginning of the first sentence, but we
7  would stop at "closely held company" so that the name
8  "Braviant" and the amount of the shares that are sold is
9  not --
10       THE COURT:  I'm not proposed to go that far.
11 Let me say it again.
12       MS. KELLY:  Okay.  I'm sorry.  I'm
13 misunderstanding --
14       THE COURT:  The only redaction in that sentence
15 is as follows:  "To fund the settlement, Defendants Matt
16 and Rebecca Martorello have agreed."
17       MS. KELLY:  Okay.
18       THE COURT:  That would be unredacted.
19       And then you would go down one, two, three more
20 lines down and pick up the end of the sentence with the
21 phrase, the prepositional phrase, "for the purpose of
22 creating the Settlement Fund."  There would be nothing
23 said in the middle two sentences.
24       And so I recognize the reason for that and, in
25 fact, it's the reason why I think that sealing of that

1  part of it is appropriate.
2           MS. KELLY:  Okay.  Thank you, Judge.  I
3  misunderstood.  I apologize.
4           THE COURT:  With that, are you okay with my
5  proposal?
6           MS. KELLY:  Yes, we are fine.
7           THE COURT:  How about in the settlement
8  agreement itself?  What I said -- I would not unredact
9  the -- the caption.  I would just simply start with the
10 words, and these would be in, "Defendants Matt and Rebecca
11 Martorello agree."
12          Then you go down three more lines, pick up the
13 prepositional phrase, "for the purpose of creating the
14 Settlement Fund."
15          Then you go down nine more lines, include the
16 word "if," and only the word "if" there, after the date
17 "2024," then you would include "this Stipulation and
18 Agreement of Settlement shall be void and all actions
19 shall proceed."
20          MS. KELLY:  That's fine with plaintiffs, Judge.
21 I'm sorry.  I misunderstood.
22          THE COURT:  That's as far as I would go.
23          MS. KELLY:  Okay.
24          MR. JACKSON:  The defense team agrees,
25 Your Honor.

```
 1                THE COURT:  Everybody all agree?  All right.
 2                MR. BROPHY:  Agree.
 3                THE COURT:  All people shaking their heads yes.
 4                MR. HOLLIS:  Yes, Your Honor.
 5                THE COURT:  All right.
 6                All right.  So --
 7                MS. KELLY:  Judge, I know you had some other
 8   questions --
 9                THE COURT:  That means that you need to provide
10   me a copy of the redacted version of those pages or you
11   can do the whole thing if you want to.  I don't care how
12   you do it, but --
13                MS. KELLY:  We're happy to do whatever is easier
14   for the Court.  We could --
15                THE COURT:  I mean of the -- yeah, of the
16   redacted copy.  That's right.
17                All right.  You do it.
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
```

1                    REPORTER'S CERTIFICATE

2        I, Tracy J. Stroh, OCR, RPR, Notary Public in and for

3   the Commonwealth of Virginia at large, and whose

4   commission expires September 30, 2027, Notary Registration

5   Number 7108255, do hereby certify that the pages contained

6   herein accurately reflect the stenographic notes taken by

7   me, to the best of my ability, in the above-styled action.

8        Given under my hand this 4th day of June 2024.

                          /s/
10                   Tracy J. Stroh, RPR