IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RENEE GALLOWAY, *et al.*, *on behalf of themselves and all individuals similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>JUSTIN MARTORELLO., *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00314-REP |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE COMPLIANCE WITH § 3.5 OF THE SETTLEMENT AGREEMENT**

Plaintiffs, by and through counsel, submit this Memorandum in Support of their Motion to Enforce Compliance with § 3.5 of the Settlement Agreement. In support thereof, Plaintiffs state as follows:

After seven years of litigation in multiple forums, Plaintiffs and Defendants entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in March 2024. *See* ECF 649-1. Thereafter, Plaintiffs moved this Court for preliminary approval of the class settlement, and that motion was granted on June 4, 2024. ECF 662.

[redacted]

1

██████████████████████████████████████████████████
████████████████████████████████

"Generally, a district court may not enforce a Settlement Agreement unless 'the agreement had been approved and incorporated into an order of the court, or, at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction.'" *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 299 (4th Cir. 2000). "However, if the Settlement Agreement is approved and incorporated into an order of the court, a breach of the agreement is a violation of the order, and the district court possesses jurisdiction to enforce the agreement." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 299 (4th Cir. 2000).

Here, the Settlement Agreement is, of course, incorporated into the Court's Preliminary Approval Order. ECF 662 ("This Preliminary Approval Order incorporates the Settlement Agreement, and the capitalized terms used herein, unless stated otherwise, shall have the meanings and/or definitions given to them in the Settlement Agreement, as if fully set forth in this Order.").

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████████████

                                                                                             Respectfully submitted,
                                                                                             **PLAINTIFFS**

Date: October 25, 2024                                        /s/
                                                       Kristi C. Kelly, Esq., VSB #72791
                                                       Andrew J. Guzzo, Esq., VSB #82170

KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com

*Class Counsel*

3