IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RENEE GALLOWAY, *et al.*, *on behalf of themselves and all individuals similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>JUSTIN MARTORELLO., *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00314-REP |

## MEMORANDUM IN SUPPORT OF MOTION TO SEAL

Plaintiffs, by counsel, under this Court's Local Civil Rule 5, move to seal portions of Plaintiffs' Memorandum in Support of Motion to Enforce Compliance with § 3.5 of the Settlement Agreement (ECF 681), as well as Exhibit 1 thereto. In support thereof, Plaintiffs state as follows

Plaintiffs' submission quoted terms of the settlement agreement that have already been sealed by the Court. *See* ECF 667. Generally, there is a First Amendment and common law qualified public right of access to judicial proceedings, including the records of all such proceedings. *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606–07 (1982); *Nixon v. Warner Comm'ns Inc.*, 435 U.S. 589, 597 (1978). Non-discovery motions are presumed to be records of judicial proceedings to which the right of access attaches unless there is a compelling confidentiality interest. *Id.* If the interest in preserving confidentiality is compelling, the remedy must be narrowly tailored. *Id.* The judicial officer may deny access when sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65-66 (4th Cir. 1989).

One exception to the public's right of access is where such access to judicial records could provide a "source[] of business information that might harm a litigant's competitive standing."

1

*Nixon*, 435 U.S. at 498. Courts, including the Fourth Circuit have recognized an exception to the public's right of access when a case involves trade secrets. *Woven Elecs. Corp. v. Advance Grp., Inc.*, 930 F.2d 913 (4th Cir. 1991) (citing *Valley Broadcasting v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)); *In re Iowa Freedom of Information Council*, 724 F.2d 658 (8th Cir. 1983); *Brown & Williamson Tobacco Co. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Plaintiffs previously redacted certain portions of the settlement agreement regarding the source of the funding of the settlement to protect a "source[] of business information that might harm" competitive standing. *Woven Elecs. Corp. v. Advance Grp., Inc.*, 930 F.2d 913 (4th Cir. 1991) (citation omitted). Plaintiffs believe this document was properly designated confidential considering the financial information it contains and its impact on the settlement. And again, the Court has previously agreed. *See* ECF 667.

All of the other requirements to file this document under seal have been met. Plaintiffs have provided a non-confidential description of the documents; they have explained why the sealing is necessary, why another procedure would not suffice, and provided evidentiary support for their request; they have referred to the governing case law, analyzed the appropriate standard, and explained why the standard has been met; and they are seeking permanent sealing of the material. Loc. R. Civ. P. 5(C).

For these reasons, Plaintiffs request that the Court grant their Motion.

                            Respectfully submitted,
                            **PLAINTIFFS**

                            By:_____*/s/*_____
                                   Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202

Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@clalegal.com
*Counsel for Plaintiffs*