IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RENEE GALLOWAY, *et al.*, *on behalf of themselves and all individuals similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>JUSTIN MARTORELLO, *et al.*,<br><br>Defendants. | Case No. 3:19-cv-00314-REP |

## PLAINTIFFS' AGENDA FOR THE NOVEMBER 15, 2024 STATUS HEARING

Pursuant to the Court's Order dated October 18, 2024, Plaintiffs hereby submit this agenda for assessing the proposed schedule moving forward:

1. On November 13, 2024, the parties attended a conference with United States Magistrate Judge Mark Colombell. At this time, the parties did not reach an agreement on an extension of the deadline in Paragraph 3.7 of the Settlement Agreement. Thus, the Settlement Agreement is now void under Paragraph 9.2.

2. Under Paragraph 9.2 of the Settlement Agreement, "any orders entered by the District Court in connection with" the Settlement Agreement "shall be vacated." ECF No. 649-1 at pg. 44. Accordingly, Plaintiffs believe that the Preliminary Approval Order (ECF 662) should be vacated, and a new notice should be provided to the class informing them of the decertification of the settlement class and nullification of the settlement.

3. As for a path forward, Plaintiffs intend to proceed in this matter against the only non-bankruptcy party, Bluetech Irrevocable Trust.[1] As this Court has already found, Bluetech is a

---

[1] Prior to the filing, Defendant Rebecca Martorello filed for bankruptcy.

1

joint tortfeasor and member of the enterprise at issue in this case. *See generally* ECF 613. Because Bluetech is a member of the enterprise with its own joint and several liability, it is well established that the "the automatic stay does not apply to proceedings against a non-debtor." *Jorrie v. Bank of N. Y. Mellon Tr. Co., N.A.*, 740 F. App'x 809, 811 (5th Cir. 2018); *see also In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007) ("Section 362(a) recounts a long list of actions that are stayed by the filing of a bankruptcy petition. The provision does not apply, however, to actions not directed against the debtor or property of the debtor.") (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001).[2]

4. Plaintiffs, thus, intend to move for class certification against the Bluetech Irrevocable Trust, enforce the Court's prior discovery orders (*see* ECF 637) and enforce prior third party subpoenas and issue any other necessary third party discovery necessary to ultimately obtain a judgment against Bluetech Irrevocable Trust.[3]

                                                Respectfully submitted,
                                                **PLAINTIFFS**

Date: November 13, 2024                         /s/
                                                Kristi C. Kelly, Esq., VSB #72791
                                                Andrew J. Guzzo, Esq., VSB #82170

---

[2] *See also Mardice v. Ebony Media Operations*, 2021 WL 146358, at *3–6, 2021 U.S. Dist. LEXIS 8520, at *8–12 (S.D.N.Y. Jan. 15, 2021) (finding that the automatic stay was not applicable to non-debtor defendants who could be held independently liable for violations of the Fair Labor and Standards Act); *In re Metal Center, Inc.*, 31 B.R. 458, 462 (Bankr. D. Conn. 1983) (automatic stay does not apply where non-debtor defendant is "independently liable as, for example, where the debtor and another are joint tortfeasors or where the non-debtor's liability rests upon his own breach of a duty"); *Stanford v. Foamex L.P.*, 2009 WL 1033607 at *1–2, 2009 U.S. Dist. LEXIS 32405 at *10-17 (E.D. Pa. April 15, 2009) (denying extension of automatic stay to litigation against non-debtor defendants where plaintiffs alleged non-debtors were independently liable for breaches of fiduciary duties owed to the plaintiffs under the Employee Retirement Income Security Act).

[3] Plaintiffs also intend to pursue their claims against the bankruptcy defendants in the United States Bankruptcy Court for the Northern District of Texas. Until that case is adjudicated, dismissed, or the stay is lifted, Plaintiffs will not take any action against one of the debtor's or their property in this case—at least for prepetition conduct. As noted above, however, Bluetech remains liable for its own independent violations of RICO.

KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com

*Class Counsel*